Questions presented in the motion of accused for a new trial cannot be reviewed, where there are no bills of exception in the record or statement of facts accompanying it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2939, 2946–2948; Dec. Dig. § 1124.*]

2. CRIMINAL LAW (§ 1122*)—APPEAL—REQUEST TO CHARGE—REFUSAL—REVIEW.

Refusal of requests to charge cannot be reviewed, where the evidence introduced at the trial is not brought up.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2940–2945; Dec. Dig. § 1122.*]

Appeal from Criminal District Court, Dallas County; Robert B. Seay, Judge.

Daniel McCaulay was convicted of aggravated assault, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of aggravated assault, and his punishment assessed at a fine of $250 and 60 days' imprisonment in the county jail.

[1] There are no bills of exception in the record to the admissibility or rejection of any testimony. Neither does any statement of facts accompany the record. Consequently, no question is presented in the motion for new trial we can review.

[2] A number of special charges were requested, but without the evidence before us we cannot say whether or not they should have been given.

The judgment is affirmed.

---

### SEATS v. STATE. (No. 3317.)

(Court of Criminal Appeals of Texas. Nov. 11, 1914.)

1. CRIMINAL LAW (§ 1056*)—APPEAL—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.

Errors in the charge cannot be reviewed on appeal in a criminal case, where no exception was reserved to the charge before it was read to the jury, or at all.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2668, 2670; Dec. Dig. § 1056.*]

2. CRIMINAL LAW (§§ 1121, 1122*)—APPEAL—RECORD—MATTERS PRESENTED FOR REVIEW.

The sufficiency of the evidence to sustain a conviction and the refusal to give instructions cannot be reviewed, where the evidence is not in the record on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2938, 2939, 2940–2945; Dec. Dig. §§ 1121, 1122.*]

Appeal from Criminal District Court, Dallas County; R. B. Seay, Judge.

Jim Seats was convicted of assault to murder, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. This is a conviction for assault to murder; the punishment being assessed at two years' imprisonment in the penitentiary.

The record is before us without a bill of exceptions or a statement of facts.

[1, 2] The motion for new trial is based upon the insufficiency of the evidence, and refusal to give certain instructions, and errors in the charge. There was no exception reserved to the charge before it was read to the jury, and, in fact, no exception was reserved. The evidence not being before us, the other matters cannot be considered.

The judgment is affirmed.

---

### GINTHER v. DE ZABALGOITIO et al. (two cases). (Nos. 394, 395.)

(Court of Civil Appeals of Texas. El Paso. Oct. 7, 1914. Rehearing Denied Nov. 12, 1914.)

INJUNCTION (§ 122*)—TEMPORARY INJUNCTION—SUFFICIENCY OF AFFIDAVITS ON INFORMATION AND BELIEF.

A temporary injunction granted on an ex parte application will be dissolved where the petition upon which it was granted alleged a number of the material facts upon information and belief and was verified by an affidavit that it was true except as to allegations stated upon information and belief, and that the affiant believed those to be true, as the affidavit in support of the facts alleged as grounds for the issuance of a temporary injunction must be direct and unequivocal.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 262–268; Dec. Dig. § 122.*]

Appeals from District Court, El Paso County; A. M. Walthall, Judge.

Actions by C. F. Morse, for himself and as agent and attorney in fact for Rosa Campo de Zabalgoitio and others, one against the El Paso & Southwestern Railway Company, and the other against the El Paso Southern Railway Company, in each of which Charles Ginther intervened. From orders granting temporary writs of injunction, the intervener appeals. Reversed and remanded, and injunctions dissolved.

S. N. Russell and Wallace & Gardner, all of El Paso, for appellant. Burges & Burges and Hawkins & Franklin, all of El Paso, for appellees.

HARPER, C. J. C. F. Morse, for himself and as agent and attorney in fact for Rosa Campo de Zabalgoitio, Lucian Veyan, Rodolfo Veyan, Camarino Martinez, and Jose M. Juardo, brought this suit for the possession of certain wool or its reasonable value, and for an injunction against appellants, the El Paso & Southwestern Railway Company.

The petition alleges that in March, 1913, a conspiracy was entered into between Francisco Villa and Venustiano Carranza and others to overthrow the government of Mexico; that the plaintiffs were driven therefrom, and, as this plaintiff is informed and

believes, a large part of their property was unlawfully seized and held as disposed of by said Villa and Carranza and those acting under them; that in May, 1914, they were lawfully seized and possessed of certain raw wool, in sacks, bags, and bales, located ·in the city of Durango, republic of Mexico; that said wool has been commingled, one with the other, beyond distinction. Plaintiff further says that heretofore, to wit, on or about the 25th day of May, 1914, in the city of Durango, in the republic of Mexico, certain parties acting under the orders and authority of the said Francisco Villa, unlawfully seized and took possession of said personal property hereinabove described, shipped the same from said city of Durango to the city of Juarez, in the state of Chihuahua and republic of Mexico, and that on the 15th day of June, 1914, certain persons whose names are unknown to this plaintiff, and whom he is not otherwise able to describe, but who acted for and on behalf of the said Villa and his associates, transferred said raw wool aforesaid, packed and baled as aforesaid, to certain cars described as follows, to wit, "N. O. de M. 9101" and "N. O. de M. 9027." Plaintiffs say that said personal properties hereinabove described have been sent into the United States of America, and into El Paso county, Tex., and are now in El Paso county, Tex., in the possession of the El Paso & Southwestern Railway Company, in the cars hereinbefore last described, and that it is the purpose of the said railway company, unless prevented by writ of injunction herein, to carry said personal properties out of El Paso county, Tex., and out of the state of Texas, and beyond the jurisdiction of this court, and this plaintiff says that said personal properties were introduced into the United States and delivered into the possession of the said railway company as affiant is informed and believes, by reason of an agreement entered into by and between parties representing the said Francisco Villa and his associates, and the said railway company, acting through its employés, by which the said railway company furnished cars in Mexico to the said representatives of the said Villa and his associates to enable them to bring said wool aforesaid, packed and baled as aforesaid, into the United States, with the purpose and intent, on the part of the said Villa and his associates, and those representing them, and said defendant, El Paso & Southwestern Railway Company, and those representing it, to unlawfully deprive these plaintiffs of their property, and to appropriate it to the use and benefit of the said railway company. Plaintiff says that the said El Paso & Southwestern Railway Company, its officials and employés, knew, or have such information as would lead a reasonably cautious and intelligent person to know, that the said raw wool, packed and baled as aforesaid, is not the property of the consignor or the consignee, but that same was unlawfully taken from the

possession of these plaintiffs, and that it is the purpose and intention of the said Villa and his associates to unlawfully deprive these plaintiffs of the possession, use, and benefit of said raw wool aforesaid, and to appropriate the same to their own use and benefit, and to carry the said raw wool aforesaid beyond the limits of the state of Texas and of the United States for that purpose, or to have the same transported beyond the limits of the state of Texas and of the United States for that purpose. This plaintiff says that if said raw wool aforesaid has been introduced into the United States without the payment of duties thereon, as this plaintiff is informed and believes, but in bond, then and in that event these plaintiffs are able and willing to pay the import duties upon the same, and hold themselves ready to do so, upon the surrender of the property to them, and they here and now offer to enter into any such bond as may be required to protect the El Paso & Southwestern Railway Company or the government of the United States against any loss in any sum, or of any nature or description whatsoever, by reason of the detention of the said raw wool aforesaid in the possession of the said railway company, as hereinafter prayed for. This plaintiff says that said wools aforesaid are now in the cars hereinbefore set forth, and in the possession of said railway company, and that it is the purpose of the said railway company, as affiant is informed and believes, to immediately take the same without the jurisdiction of this court and out of the state of Texas, and that it will do so unless immediately restrained by writ of injunction in this cause; that the said Carranza and the said Villa and their associates are nonresidents of the state of Texas, so far as this plaintiff is informed and believes; that the removal of said raw wool aforesaid from out the state of Texas and the jurisdiction of this court will leave plaintiffs without any remedy of any kind, as a result of which they would suffer a great loss in money, to wit, the value of about $6,250, which in the aggregate is of the reasonable market value of about $6,250; and that the injuries they would thereby suffer would be irreparable.

The petition is verified by the applicant, and the affidavit reads as follows:

"I, C. F. Morse, do solemnly swear that I am the agent and attorney in fact of the plaintiffs in the above styled and numbered cause, that I know the contents of the foregoing petition, and that the allegations therein contained are true, except such as are stated upon information and belief, and those I verily believe to be true."

The trial court granted the temporary writ of injunction without issuing notice and without hearing, and thereafter Charles Ginther was granted leave and did intervene as defendant, and has perfected his appeal from the order granting the writ.

Appellant in an informal brief suggests that this cause should be reversed and the injunction dissolved, because the petition is

insufficient because not verified as provided by law. The rule in this state is well settled that in an application for a temporary injunction upon an ex parte hearing, the affidavit in support of the fact alleged in the petition as grounds for the issuance of the writ must be direct and unequivocal and an affidavit made upon information and belief is insufficient. Lane v. Jones, 167 S. W. 177, and the cases there cited and reviewed. As will be noted from an inspection of the petition quoted above, there are a number of allegations material to the right of the issuance of the injunction which the petition upon its face discloses are based upon information and belief. Under the authorities cited, this is insufficient and requires a reversal.

Reversed and remanded, and injunction dissolved.