ARNOLD et al. v. MEYER.   (No. 1880.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 18, 1917.)

Mortgages ⊗═469—Receivers—Petition.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2128, subd. 2, authorizing appointment of receiver in mortgage foreclosure proceedings, where property is in danger of being materially injured, etc., a petition alleging generally that defendant was insolvent, and would injure the property pending suit, is insufficient to authorize an ex parte appointment of a receiver.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Suit by Joe Meyer against Horace Arnold and others. From the order appointing a receiver, the defendants appeal. Reversed and remanded.

T. N. Jones, of Tyler, for appellants. Simpson, Lasseter & Gentry, of Tyler, for appellee.

HODGES, J. This appeal is from an order made in vacation appointing a receiver. The suit was instituted by the appellee against the appellants, R. S. Arnold and Willie Clay to recover a judgment on certain promissory notes and to foreclose liens given to secure their payment. The first note described in the petition is one on which a balance of $354.45, exclusive of interest and attorney's fees, was claimed to be due. This note, it is alleged, was secured by a mortgage upon certain horses, cattle, farm implements, and crops to be grown during the years of 1916, 1917, and 1918. The plaintiff also sought a judgment on a group of notes given for the purchase price of a tract of land and secured by a vendor's lien. The petition closed with a prayer for the appointment of a receiver empowered to take charge of both the land and the personal property incumbered by the liens referred to. As grounds for appointing a receiver to take charge of the personal property, it was alleged as follows:

"That the property covered by said mortgage is wholly insufficient to discharge the debt for which the same was given to secure, and that said property is in danger of being materially injured pending this suit; that the condition of the mortgage hereinbefore described has not been performed; that the defendant Clay is insolvent, will use said property during the pendency of this suit and not pay anything for the use, hire, or increase thereof, but will illtreat and injure same pending this suit."

For reasons which will hereafter appear it will be unnecessary to refer to the averments authorizing the appointment of a receiver to take charge of the real estate. The petition was sworn to by F. D. Taylor, who is described as an agent of the plaintiff below. Upon presentation of this verified petition, the trial judge in chambers entered an order appointing Will Wright receiver, with authority to take charge of the personal property alone upon the filing of a bond in the sum of $800 to be approved by the clerk.

It is contended by the appellants that the facts set out in the verified petition were insufficient to authorize the appointment of a receiver without notice to the owner of the property involved. Subdivision 2 of article 2128 provides for the appointment of receivers in suits of this character, and is as follows:

"In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition has not been performed and the property is probably insufficient to discharge the mortgage debt."

While the statute does not prescribe that the defendant shall be notified and given an opportunity to contest the application for a receiver, the courts have generally held that such notice and opportunity should be given, except when it is made to appear that a delay for that purpose would probably result in injury to the property or to the rights of the applicant. Simpson v. Alexander, 188 S. W. 285; Butts v. Davis, 146 S. W. 1015. A receivership not only entails considerable cost, which must fall upon the defendant, if cast in the suit, but it deprives him of some of the benefits resulting from the lawful possession of the mortgaged property up to the issuance of an order of sale. There appears to be no reason in this case why a writ of sequestration would not have furnished the applicant all the protection needed and which he could secure by the appointment of a receiver. To deprive the defendant of the right to contest such an appointment can be justified only upon a clear showing, not only that the proper legal grounds exist for the appointment of a receiver, but that the rights of the petitioner would be jeopardized by the delay necessary to give notice. See cases above cited.

The averments of fact in the petition in this case are vague and general. They are not sufficient to justify the legal inference that the property was in such danger of

being wasted or injured as to authorize the court to act without notice to the opposite party. Practically, these averments amount to no more than a statement of conclusions of fact which may or may not be well founded. Such evidence we regard as too indefinite and unsatisfactory to warrant an ex parte proceeding.

The judgment will therefore be reversed, and the cause remanded, in order that the appellants may be heard in resisting the application.