ALTO COTTON OIL & MFG. CO. et al. v.
BERRYMAN. (No. 2216.)

(Court of Civil Appeals of Texas. Texarkana.
Jan. 1, 1920. Rehearing Denied
Jan. 22, 1920.)

1. RECEIVERS ⊂⊃3—RECEIVERSHIPS ONLY AS
AUXILIARY REMEDY.

Receiverships are created only as auxiliary
to some ultimate relief for which a suit may
be instituted.

2. RECEIVERS ⊂⊃35(1)—NOT APPOINTED WITH-
OUT NOTICE UNLESS PLAINTIFF WOULD SUF-
FER INJURY.

A receiver should not be appointed without
notice to the parties adversely interested, un-
less it is made to appear that plaintiff would
suffer some material injury by the delay nec-
essary to give notice.

3. PLEADING ⊂⊃301(3) — INSUFFICIENCY OF
VERIFICATION OF ALLEGATIONS UPON INFOR-
MATION AND BELIEF, INSUFFICIENT TO AU-
THORIZE APPOINTING RECEIVER.

Allegation and verification upon information
and belief only of facts on which court must
rely in determining whether the appointment of
receiver for defendant company at plaintiff's
instance was proper held insufficient.

4. CORPORATIONS ⊂⊃320(13) — APPOINTMENT
OF RECEIVER WITHOUT NOTICE ON UNVERI-
FIED PETITION IMPROPER.

In suit by a stockholder in a company
against it and directors for appointment of re-
ceiver and to restrain the directors from mak-
ing sale of the assets of the company under an
alleged fraudulent deed of trust, appointment
of receiver on ex parte hearing held improper,
in view of Rev. St. art. 1203, and the insuffi-
ciency of the verification of the petition.

5. CORPORATIONS ⊂⊃320(13)—GRANT OF TEM-
PORARY RESTRAINING ORDER WITHOUT HEAR-
ING ERRONEOUS.

In suit by stockholder in a company against
it and directors for appointment of receiver and
to restrain the directors from making sale of
the assets of the company under an alleged
fraudulent deed of trust, grant of temporary
restraining order without hearing held errone-
ous.

Appeal from District Court, Cherokee
County; L. D. Guinn, Judge.

Action by H. H. Berryman against the Alto
Cotton Oil and Manufacturing Company and
others. From an order in vacation, appoint-
ing a receiver and granting temporary re-
straining order, defendants appeal. Judg-
ment reversed, and judgment rendered, vacat-
ing appointment of receiver and restraining
order, and case remanded.

Kampmann, Burney & Browne, of San
Antonio, and S. M. Adams, of Nacogdoches,
for appellants.

Perkins & Perkins and Norman, Shook &
Gibson, all of Rusk, for appellee.

HODGES, J. This appeal is from an order
made in vacation, appointing a receiver and
granting a temporary restraining order
against the appellants. The appellee is the
owner of 20 shares of stock in the Alto Cot-
ton Oil & Manufacturing Company, a private
corporation organized under the laws of this
state, with its domicile and place of business
at Alto in Cherokee county, Tex. On Septem-
ber 28, 1919, he filed this suit against the Alto
Cotton Oil & Manufacturing Company, F. W.
Madden, president, and H. D. Madden, secre-
tary of the corporation, W. G. Boyle, and R.
R. Russell. The petition alleges, in substance,
that the cotton oil company had a capital
stock of 250 shares of $100 each, aggregating
$25,000, and on the 20th day of July, 1918,
owned assets amounting to $50,000; that it
owed $3,500, and had that much cash on hand.
On that date the appellee owned 135 shares
of the capital stock. He later sold 115 of
those shares of stock to F. W. Madden for the
sum of $16,500, taking Madden's notes pay-
able in four annual installments. He also
took a lien on the shares of stock conveyed.
According to the appellee's information and
belief Madden then had no resources other
than the capital stock for the payment of the
above-described indebtedness. During the
month of May, 1919, the notes of F. W. Mad-
den matured, and he was unable to pay them.
While negotiations were pending between the
appellee and Madden for a settlement, Madden
conspired and confederated with R. R. Rus-
sell and W. G. Boyle, and fabricated a deed
of trust, which purported to have been execut-
ed by the Alto Cotton Oil & Manufacturing
Company, conveying all of its property to
Boyle as trustee to secure R. R. Russell in
the payment of a promissory note executed in
his favor by the Cotton Oil & Manufacturing
Company for the sum of $24,461.54. The note
was dated July 23, 1919, and was payable
within 30 days, bearing interest at the rate
of 8 per cent. per annum from date. The
appellee further states that he "is informed
and believes and so charges that said alleged
debt and the deed of trust securing same are
largely fraudulent, and that defendant Alto
Cotton Oil & Manufacturing Company does
not owe the said R. R. Russell any such sum
as is apparently evidenced by said note, but a
vastly less sum, to wit, not exceeding $13,000."
He further charges that in June of 1919 a
stockholders' meeting was held secretly and
without notice to him, who was at the time
a record owner of 20 shares of the capital
stock of the corporation; that the "mortgage
was executed without the authority of the
stockholders of the corporation or any legal
board of trustees, or was authorized by such
stockholders or directors as were present at
a secret meeting of which the plaintiff had
no notice;" that those facts were evidence
of a conspiracy and a scheme on the part of

F. W. Madden, together with R. R. Russell and Boyle, to convert to their own use and benefit all of the assets of the corporation, or to use the same to the destruction of the plaintiff's property in the 20 shares of capital stock, which was of the value of at least $1,200, and to the destruction of his security. In pursuance of this conspiracy and with intent to destroy the appellee's property W. G. Boyle, at the request of Russell, on the 9th day of September, 1919, advertised the property of the Cotton Oil & Manufacturing Company for sale, in accordance with the terms of the deed of trust, claiming an indebtedness for the full amount of the note previously described, the interest thereon and attorney's fees, the sale to take place in the town of Rusk in Cherokee county on the 7th day of October following. It is further alleged that— .

"By reason of the plaintiff not having the opportunity to attend the stockholders' meeting of said corporation, he is unable to say exactly how much of said debt claimed by the said Russell is fraudulent, but is informed and believes and so charges that said debt does not exceed the sum of $13,000."

The directors of the corporation are F. W. Madden, R. R. Russell, and H. D. Madden. It is charged that H. D. Madden is wholly under the influence of F. W. Madden and R. R. Russell, and is unable, if disposed to do so, to protect the plaintiff's interest. If the aforesaid trustee's sale is consummated, it will be for an inadequate price, because no other than defendants knew, or could know, the value of the property, and the defendants will have a wholly unfair advantage in bidding on the same; that the Cotton Oil & Manufacturing Company will be rendered insolvent by such sale, and plaintiff will be without adequate remedy in law for the protection of his rights. The prayer of the petition is as follows:

"Premises considered, plaintiff prays that a receiver be appointed forthwith to take charge of said property and all assets, books, accounts and documents of said corporation, procure fire insurance on said property, and make a report of his action in the matter forthwith to the court, and hold same subject to the orders of this court; that defendants R. R. Russell and W. G. Boyle be restrained from making such sale, and defendant Cotton Oil & Manufacturing Company, R. R. Russell, W. G. Boyle, and all other officers and agents and attorneys, be enjoined from interfering with the possession of such receiver, his agents and attorneys, in taking possession of such property, assets, books, accounts, and documents of the defendant Alto Cotton Oil & Manufacturing Company; that a sale be made of the entire assets and good will of defendant Alto Cotton Oil & Manufacturing Company, and a liquidation of its affairs be had under proper orders of this court; for citation; and for such other and further relief as plaintiff may be entitled to in the premises."

This petition contained the following verification:

"Before me, the undersigned notary public in and for Cherokee county, Tex., on this day personally appeared H. H. Berryman, who, being by me duly sworn, upon his oath deposed and says that he ·is plaintiff in the above and foregoing petition, and has read and fully understands the contents thereof, and that the matters therein alleged as true are true, and that the matters therein alleged as of information and belief he verily believes to be true."

The petition was presented to the judge of that judicial district, in vacation, and without notice to the appellants an order was entered, appointing F. F. Florence as receiver upon his giving a bond in the sum of $10,000, and directing that he take charge of all the assets of the Cotton Oil & Manufacturing Company in accordance with the prayer in the plaintiff's petition, and that the defendants be injoined as prayed for. It further appears from the record that the receiver on the following day filed a bond, which was approved. It seems that the ultimate purpose of this suit is to dissolve this corporation, sell all of its property, and pay off its indebtedness. The receivership and· the injunction sought are only ancillary to that end. Article 1203 of the Revised Civil Statutes provides that—

"Stockholders of· any insolvent corporation who own twenty-five per cent. of its stock, or creditors of any such insolvent corporation who own twenty-five per cent. of its indebtedness, may institute and prosecute a suit for the dissolution of such corporation; provided, that before any petition is filed * * * by stockholders or creditors, as provided in this chapter, leave therefor shall be first granted by the presiding judge of the court in which the proceeding is to be instituted; and, on presentation of any petition it shall be the duty of such judge before granting leave to file the same to carefully examine the same, and he may also require an examination into the facts; and it shall be made to appear with reasonable certainty from said petition, or from the petition and the facts, as the case may be, that the relief sought should be granted; and it is further provided, that any such corporation proceeded against shall have ten full days notice prior to the day set for the hearing, on an application for the appointment of a receiver."

[1-5] Receiverships are created only as auxiliary to some ultimate relief for which a suit may be instituted. Houston & B. V. Ry. Co. v. Hughes, 182 S. W. 23; Style v. Landtrip, 171 S. W. 786. If it was the purpose of this suit to wind up the affairs of the corporation and terminate its existence, the appellee did not allege a status which authorized him to maintain such a proceeding; and, had he done so, the court was without power to appoint a receiver until ten·full days' notice had been given to the corporation. But if it can be said that the purpose of the suit is to enjoin permanently the sale of the corporate property because the debt claimed was partially ficti-

tious, there was no occasion for appointing a receiver upon an ex parte hearing. It has been repeatedly held in this state that a receiver should not be appointed without notice to the parties adversely interested, unless it should be made to appear that the plaintiff in the suit would suffer some material injury by the delay necessary to give notice. Arnold et al. v. Meyer, 198 S. W. 602. No such situation is presented by the petition in this case. Moreover, it appears that the material facts upon which the court must rely in determining that the appointment of a receiver is proper are here alleged upon information and belief, and are sworn to in the same form. We think such an affidavit following such averments is insufficient. Ginther v. Zabalgoitio, 170 S. W. 793: Pullen v. Baker, 41 Tex. 420. We are therefore of the opinion that the court should not have appointed a receiver in this case upon an ex parte hearing. We are further of the opinion that the temporary restraining order should not have been granted without a hearing, if then.

The judgment will therefore be reversed, and judgment here rendered, vacating the appointment of the receiver and the restraining order, and the case remanded to the court below for further appropriate proceedings.