PRESCOTT v. McCANN et al.
No. 2828.

Court of Civil Appeals of Texas. El Paso.
May 11, 1933.

Carl L. Phinney, of Dallas, for appellant.

Meador & Meador and R. T. Meador, all of Dallas, for appellees.

WALTHALL, Justice.

This case presents a petition and application for the appointment of a receiver filed in the district court of Dallas county, Tex. It reads as follows:

"To the Honorable Judge of Said Court:

"Now comes R. N. McCann, hereinafter styled plaintiff, complaining of P. P. Prescott, hereinafter styled defendant, and for cause of action represents to the Court;

"1: That plaintiff is a resident of Dallas County, Texas, and that defendant resides in Harris County, Texas with a temporary residence in Dallas County, Texas, with a place of business in the City of Dallas, Texas.

"2: That defendant, P. P. Prescott, as the owner of Class A Certificate of Public Convenience and Necessity Number 2530 issued by the Railroad Commission of Texas, did, for a valuable consideration, paid by plaintiff on or about the — day of April, 1932, transfer, sell and assign unto plaintiff an undivided one-half interest in and to said permit and all rights thereunder and the business then being conducted by defendant, P. P. Prescott.

"3: That at the time of the purchase of said interest in said permit and the payment therefor by plaintiff, it was agreed between plaintiff and defendant that they would conduct a freight line between Houston and Dallas by and through the authority granted under said permit and that they would solicit and haul freight for the hire therefrom and would share equally in the net profits from said business.

"4: That the plaintiff immediately began the solicitation of freight, prepared a schedule of freight between Houston and Dallas and between Dallas and Houston, Texas and secured various customers who were and are willing to have their freight handled for hire and conveyed by motor freight between said points and pay the price as listed in the schedule of rates as compiled by plaintiff.

"5: It was further agreed and understood that plaintiff would secure the freight from the customers and that defendant would do the hauling and look after the trucks, together with the loading, delivery and unloading thereof and that when money was collected for the hauling of freight the same would be deposited in the bank subject to the account of Prescott and McCann.

"6: That the plaintiff has performed his part of said agreement, but that defendant has been receiving the freight from customers secured by the plaintiff and has been trucking it back and forth from Dallas to Houston and from Houston to Dallas and has been collecting all of the money therefor and has received and still receives all of the money therefor and has used and deposited the same to his own use and benefit without accounting to this plaintiff for any part thereof.

"7: That the defendant has carried many C. O. D. packages and delivered those packages to consignors, collected the money therefor and has failed and refused to send money so collected to the consignees and has appropriated such funds to his own use and benefit, the exact amount of which is to plaintiff unknown.

"8: That defendant made an affidavit to the Railroad Commission of Texas that he would no longer receive or handle C. O. D. packages or freight, but that contrary to said affidavit, he has since making said affidavit and is still receiving C. O. D. packages, collecting the money therefor and using the same to his own use and benefit.

"9: That the defendant has accumulated and is accumulating divers and sundry debts, the amounts of which are to the plaintiff unknown, and is issuing and has issued various and sundry checks on banks in which this defendant had no money or had insufficient funds with which to meet said checks and that by his conduct he is destroying the business belonging to plaintiff and defendant and tearing down the good will that the plaintiff has built up with customers, all to the irreparable injury of plaintiff and said business.

"10: That said business is of such a nature as to demand the utmost reliance and confidence in the parties to handling the freight for customers if said business is to survive. That the defendant is neglectful of his business and fails to have his trucks go out on schedule time and has failed and refused to keep his contracts with their said shippers and customers and that he conducts himself in an unseemly manner and fails to deal honorably and upright with customers.

"11: That the said defendant, on or about the 28 day of June, 1932, took over said busi-

ness, including all of the customers or such of them as would allow him to haul their freight that had been secured by plaintiff and began hauling all of said freight in defendant's own name and ousted the plaintiff from any management of said business, collected all the moneys therefrom and has refused to make a settlement of any kind whatsoever with plaintiff.

"12: That the plaintiff has no means of ascertaining the amount of debts that may be made by the defendant or the amount for which he may become liable by reason of the unlawful acts of the defendant.

"13: That the affairs of said partnership are such that as a going concern a great deal of money can be made therefrom when properly and intelligently handled, but by reason of the carelessness and unwarranted and unlawful acts of the defendant, said business is being rapidly destroyed, many liabilities accumulating against the same and will soon become insolvent and its business worthless unless a receiver is appointed by this honorable court to immediately take over, conduct and administer the affairs of said business under the orders of the Court.

"14: That the Railroad Commission of Texas is threatening to put the defendant off the highways and refuse him the right to conduct a motor freight line under said permit by reason of defendant's unlawful and unwarranted acts and by reason of the violation of the affidavit which he gave said Railroad Commission.

"15: That in order that equity may be done to both plaintiff and defendant it is necessary that a receiver be appointed with full powers as alleged herein and that he be immediately ordered to take over the affairs of said business and transport the freight now on hand and that which may accumulate to the account of this partnership and with the profits therefrom discharge the obligations of said partnership and to do each and everything which to the Court may appear equitable and just.

"Wherefore, premises considered, plaintiff prays the Court that defendant be cited to appear herein; that a receiver be appointed with ample powers to protect, operate and save said business and that on a final hearing the plaintiff have judgment for his undivided one-half interest in said permit Number 2530 of Public Convenience and Necessity issued by the Railroad Commission of Texas and for such other and further relief to which he may be entitled to."

The petition is duly verified. The court directed that notice be issued to defendant at a time stated to show cause why a receiver should not be appointed as prayed for. Thereafter, and before the date set for the hearing, the court entered an order reciting that the application came on to be heard and considered; that the court read the verified bill, heard the evidence thereon, and was of the opinion that a receiver should be appointed; the court thereupon appointed R. E. Yeagin as "receiver of all and singular the property and business of P. P. Prescott and R. N. McCann conducting a freight line between Dallas and Houston, Texas, and that he take immediate possession and charge of all the properties, assets, books of account, contracts and documents of the said P. P. Prescott and R. N. McCann with full authority to carry on and conduct their business and to that end receive and transport freight, collect therefor," etc., upon the receiver giving the bond prescribed. The receiver gave the bond prescribed and took the oath as receiver.

Prescott prosecuted an appeal to the Dallas Court of Civil Appeals from the order appointing the receiver and gave bond. Subsequently, on application of Prescott to the Court of Civil Appeals for an order staying the order of the district court appointing the receiver, Judge B. L. Jones, Chief Justice of the Court, entered an order directing the clerk of that court to file the application for the stay order, setting the application for hearing in that court at the time stated, and give notice of the setting to appellant's (apparently intending to say appellees') attorney of record. Thereafter the application for a stay order was granted.

## Opinion.

There is no statement of facts filed in the case, nor does the record show service or notice, nor that appellant appeared or answered the application for the appointment of the receiver. Appellee has not filed a brief in this case.

Appellee filed an answer to appellant's application for a stay order to the effect that a stay order should not be issued staying said receivership during the pendency of the appeal, for the reason that "said suit was filed and proper notice given the defendant in said original suit," and that "none of the properties, such as trucks, docks, wharves, warehouses," etc., mentioned in appellant's motion was attempted to be placed in the receivership, "because same did not belong to the partnership of Prescott and McCann."

From an analysis of the petition and the facts disclosed by the record before us, we have concluded that a receiver should not have been appointed.

The general rule is that a receiver should not be appointed without notice to the parties adversely interested unless it should be made to appear that the plaintiff in the suit would suffer some material injury by the delay necessary to give notice. Arnold v. Meyer (Tex. Civ. App.) 198 S. W. 602; Alto Cotton Oil & Mfg. Co. v. Berryman (Tex. Civ. App.) 218 S. W. 513.

■ The record shows affirmatively that the receivership order was entered without notice to or appearance by Prescott. The petition states no facts which would justify the entry of the order without notice or appearance.

■ But aside from the want of notice, we are of the opinion that the facts stated in the petition do not justify the appointment of a receiver. Receiverships are created only as ancillary to some ultimate relief for which a suit may be instituted. Houston & B. V. Ry. Co. v. Hughes (Tex. Civ. App.) 182 S. W. 23; Style v. Lantrip (Tex. Civ. App.) 171 S. W. 786; Alto Cotton Oil & Mfg. Co. v. Berryman (Tex. Civ. App.) 218 S. W. 513.

■ The petition does not sufficiently state a cause for relief for which a receiver should be appointed or a judgment could be rendered. No jurisdictional fact is stated, in that no money value is placed upon anything involved in the suit; no statement is made as to the money value of what the partnership has earned or would likely earn, nor the value of any contract or contracts for the carrying of freight by truck line nor the value of the permit or any interest in the permit, nor the value of any right that could be exercised under any alleged agreement in entering into the partnership, nor the damage that has resulted or could result to appellee from the breach of which agreement is alleged. The petition alleges the creation of debts and the liability of the partnership for same but no relief is asked, statement is made as to the amount of such debts, or any probable amount. The petition does not ask for an accounting, nor the dissolution of the partnership. No money judgment is sought by the suit. The prayer of the petition is for citation to Prescott, the appointment of a receiver with powers to protect, operate, and save said business, and that on a final hearing plaintiff have judgment for his undivided one-half interest in said permit, without stating its value.

As we view the petition no relief or cause of action is stated to which the receivership could be ancillary.

Should a receiver be appointed, such appointment would be wholly impractical. Plaintiff disclaimed any intention to deliver to the receiver any property not owned by the partnership; disclaimed any intention to deliver any of the trucks or other facilities for carrying on the motor freight line business since same did not belong to plaintiff or the partnership. The permit is the only property stated in the petition that is alleged to be owned by the partnership. The order directs the receiver to take charge of all the properties of Prescott and McCann, etc., with full authority to carry on and conduct the partnership business, and to that end receive

and transport freight, etc. Without some further and additional order of securing motor trucks, etc., not within the disclosed contemplation of the court in making the order, we think the order could not be effective.

The order of the court appointing a receiver is hereby reversed, and judgment here rendered vacating the appointment of the receiver, and the case remanded to the court below for further appropriate proceedings.