## CORSICANA HOTEL CO. OF TEXAS v. KELL.

### No. 11690.

Court of Civil Appeals of Texas. Dallas.
Nov. 25, 1933.

Burgess, Chrestman & Brundidge and L. E. Elliott, all of Dallas, for appellant.

Bullington, Humphrey & King, of Wichita Falls, for appellee.

LOONEY, Justice.

Frank Kell sued the Corsicana Hotel Company and S. J. Thigpen, its president, as makers, on a promissory note for $55,000, and to foreclose the lien of a trust deed upon the company's hotel property located in the city of Corsicana, Navarro county, Tex. Mrs. M. G. Thigpen, wife of S. J. Thigpen, was brought in as a defendant, on allegations to the effect that she and her husband owned 90 per cent. of the stock of the hotel company, were in active control and management of the hotel, had conspired to defraud the creditors of the company, including plaintiff, and to that end, on or about April 25, 1933, held a purported stockholders' meeting, adopted a resolution decreasing the authorized capital stock of the company from $150,000 to $100,000; thereupon, Mrs. Thigpen surrendered $50,000 of the stock, in consideration of the transfer to her by the company of its personal property located in the hotel building, consisting of all furnishings, furniture, paintings, linens, and bed clothing of every kind, all of the estimated value of $30,000; that said transfer was in fraud of the creditors of the company; that it was either insolvent, or in imminent danger of insolvency; and that plaintiff feared said properties would be mismanaged, lost, transferred, or disposed of, to his injury, unless a receiver was immediately appointed to take charge of and manage the hotel. The First National

Bank of Corsicana was made a defendant, on allegations, in substance, that the hotel company was also indebted to the bank in the sum of approximately $70,000, secured by a prior lien upon the hotel building and lot, and was threatening to foreclose upon and sell the property, that such a sale would not produce a sum sufficient to pay the bank's debt, but, if the hotel is operated by a receiver, under court orders, the bank's debt will be paid in full, and other creditors, including plaintiff, will either be paid in full or receive substantial payments, wherefore plaintiff sought the following relief: Cancellation of the alleged fraudulent transfer of personal property to Mrs. M. G. Thigpen, a temporary writ restraining defendants S. J. and M. G. Thigpen from removing, incumbering, or in any manner disposing of the personal property alleged to have been fraudulently transferred, a writ restraining the First National Bank of Corsicana from proceeding to foreclose its said lien upon the property, also the immediate appointment of a receiver, with authority to take charge of the properties and operate the hotel, etc.

On hearing, ex parte and without notice, the court entered the following orders: Appointed a receiver for the hotel company, including the property alleged to have been fraudulently transferred to Mrs. Thigpen, enjoined Mr. and Mrs. Thigpen from interfering, in any manner, with the possession and management of the hotel by the receiver, and from incumbering, disposing of, or removing from the hotel building the personal property transferred to M. G. Thigpen, and enjoined the First National Bank of Corsicana from foreclosing its prior lien on the property and from interfering with the possession and management of said properties by the receiver.

The Corsicana Hotel Company appealed from the interlocutory order appointing the receiver, and for reversal urges several grounds, based upon the insufficiency of plaintiff's petition to authorize the ex parte appointment.

■ The right to the appointment of a receiver, after notice and hearing, is a matter distinct from the right to an appointment ex parte and without notice; the former is controlled by statute (article 2293, R. S.), whilst the latter, assuming that a cause of action is alleged, rests in the sound discretion of the court.

■■ We think plaintiff alleged a cause of action entitling him to the relief sought, certainly as against a general demurrer, but did he, by clear and unambiguous allegations, show an emergency and an immediate and pressing necessity that required or authorized the immediate action of the court, ex parte and without notice?

As to the necessity for immediate ex parte action, the allegations are that, "Plaintiff fears that the defendant, M. G. Thigpen, acting in concert with her husband, S. J. Thigpen, will remove said personal property from said hotel and render its earning capacity valueless, and destroy the good-will of said hotel." After showing that the First National Bank of Corsicana was threatening to foreclose its prior lien on the hotel property, plaintiff further alleged that, "With this foreclosure imminent, the said defendants, so plaintiff fears, will make use of said property, and possession thereof, and their management of said hotel, to injure and destroy plaintiff's right and equities therein. * * * That there is immediate danger of said property being lost, wasted, transferred or destroyed, unless a receiver is appointed immediately to take charge of the same." No categorical allegation is made that the furniture, furnishings, and equipment in the hotel building will be removed, or that any use, injurious to plaintiff, will be made, unless a receiver is immediately appointed; the allegation being simply that plaintiff fears these things will be done, without revealing facts upon which the fear is based. Transfer of this property took place on April 25, 1933, this suit was instituted on October 14, 1933, nearly six months later, and it is not shown that, since the alleged transfer, the property has been disturbed, its status changed, or that any such action was imminent. The allegation of fear, in the absence of justifying facts, is but the expression of dread, anxiety, or solicitude, and, in our opinion, was insufficient to justify the drastic action of the court.

■■ But, aside from this view, it does not appear that plaintiff would likely have suffered any loss or injury by reason of the short delay necessary to notify interested parties and accord a hearing before an order was made on the application. S. J. Thigpen, president of the company, and M. G. Thigpen, whose alleged acts and purposed acts constitute the gravamen of plaintiff's plea for the immediate appointment of a receiver, resided in the city of Dallas, and, nothing to the contrary appearing, it must be presumed that notice could have been served and a hearing had within a few hours. The right to a day in court, of notice, and the privilege of being heard before judgment, is of the very essence of due process of law, and a litigant aggrieved by the violation of this ideal of our jurisprudence is entitled to a review.

The doctrine that we think rules the case was announced by Chief Justice Jones of this court (with full citation of authorities) in C. P. Oil Co. v. Shelton, 48 S.W.(2d) 509, 510. He said: "No more drastic action is known, either to law or equity, than that of a court's condemning a man, unheard, dispossessing him of property prima facie his, and hand over its entire control to another on an ex parte claim. 23 R. C. L. p. 38, § 37; 53 C.

J. p. 59, § 54; Delcambre v. Murphy (Tex. Civ. App.) 5 S.W.(2d) 789; Myerscough v. Garrett (Tex. Civ. App.) 45 S.W.(2d) 1003; Security Land Co. v. South Texas Development Co. (Tex. Civ. App.) 142 S. W. 1191; Hodges Drilling Co. v. Tyler (Tex. Civ. App.) 233 S. W. 548; Haywood v. Scarborough, 41 Tex. Civ. App. 443, 92 S. W. 815; Baptist Missionary, etc., Convention v. Knox (Tex. Civ. App.) 23 S.W.(2d) 781; Sunshine Const. Oil Co. v. Prechel (Tex. Civ. App.) 268 S. W. 1051; Texas Mexican R. Co. v. State (Tex. Civ. App.) 174 S. W. 298; Williams v. Watt (Tex. Civ. App.) 171 S. W. 266; Butts v. Davis (Tex. Civ. App.) 146 S. W. 1015. 23 R. C. L., supra, says: 'It (a court) should, therefore, exercise extreme caution in the appointment of receivers on ex parte applications, and be careful that a proper case is presented before it acts; and it should not be done without notice to the party whose property is to be affected, except in cases of the greatest emergency demanding the immediate interference of the court.' 53 Corpus Juris, supra, says: 'A receiver may be properly appointed without notice, and before giving the adverse party an opportunity to be heard, in, and only in, an extreme and exceptional case, in which there is a great emergency and an imperious and most stringent necessity for an immediate appointment, as where the adverse party is out of the jurisdiction of the court or cannot be found and served with notice, or, for some other reason, it is absolutely and imperatively necessary for the court to interfere, before the lapse of the time required to give notice and afford a hearing, in order to prevent loss, waste, destruction, irreparable injury, or the defeat of the petitioner's rights, or the giving of notice would jeopardize the delivery, safety, custody, or control of the property over which the receivership is to be extended, and the rights of the complaining party may be amply and sufficiently protected in no other way, or by no other remedy, such as a temporary injunction or restraining order.' " To the same effect, see Zanes v. Lyons (Tex. Civ. App.) 36 S.W.(2d) 544; Prescott v. McCann (Tex. Civ. App.) 60 S.W.(2d) 548; Lyons v. Conway (Tex. Civ. App.) 63 S.W.(2d) 317; City National Bank v. Pigg (Tex. Civ. App.) 63 S.W.(2d) 327.

▓ Then again it appears that plaintiff sought and obtained the issuance of a temporary writ, enjoining S. J. Thigpen and M. G. Thigpen from interfering with the possession and management of the properties by the receiver, and from incumbering, disposing of, removing, or transferring the furniture, fixtures, bed clothing, and other personal property situated in the hotel building. No appeal having been taken by Thigpen and wife from this order, it follows that they are forbidden to do or attempt the consummation of the acts and things alleged by plaintiff as grounds for the immediate action of the court; the effect being to protect plaintiff from the impending injury, whether real or imaginary, alleged as grounds for the immediate appointment of a receiver.

In Zanes v. Lyons, 36 S.W.(2d) 544, 546, we said: "Because of the drastic nature of the remedy of an ex parte receivership, it is generally held that, if the facts in the petition disclose that the applicant can be made secure and the impending loss averted by the issuance of a temporary writ of injunction, which will not take from the possession of the adverse parties their property or stop them in the operation of their business, a receiver will not be appointed on an ex parte hearing." In the case of City National Bank v. Pigg (Tex. Civ. App.) 63 S.W.(2d) 327, recently decided by the Amarillo court, it was held that the appointment of a receiver, without notice, is an abuse of discretion, if a restraining order would afford adequate protection pending the receivership hearing.

So, for these reasons, we hold that the ex parte appointment of the receiver was unauthorized and an abuse of discretion; hence the judgment below is reversed, and judgment is here rendered for appellant, vacating the receivership.

Receivership vacated.