**UNDERWOOD et ux. v. CLARK et al.**

**No. 12410.**

Court of Civil Appeals of Texas. Dallas.

Feb. 13, 1937.

Rehearing Denied March 20, 1937.

Sullivan & Wilson, of Dallas, for appellants.

J. J. Fagan, of Dallas, for appellees.

LOONEY, Justice.

Mr. and Mrs. A. L. Clark sued Mr. and Mrs. H. E. Underwood on a promissory note and to foreclose the lien of a chattel mortgage on certain hotel furniture, furnishings, etc., also sought and obtained an interlocutory order appointing a receiver, from which defendants appealed. The substance of plaintiffs' allegations is that, on March 19, 1935, they sold defendants a certain hotel property located at 2227½ Bryan street, in the city of Dallas, known as the "Alabama Hotel," consisting of 17 rooms, the greater portion furnished and being let to occupants from day to day or week to week. That the consideration for the sale was $1,500, which was evidenced by a promissory note payable to plaintiffs in 30 monthly installments bear-

ing 8 per cent. interest per annum, containing the usual provisions for accelerating maturities and collection of attorney fees, in case of default, etc., alleging that said note was secured by a chattel mortgage given by defendants on the hotel furniture, furnishings, etc., described in an exhibit attached to plaintiffs' petition—consisting of articles of furniture, beds, bedding, rugs, stoves, linens, window shades, curtains, etc. While the allegation is made that plaintiffs sold to defendants the "Alabama Hotel," it is not disclosed whether the real estate or a lease thereon was sold; but whether either one or the other is immaterial, because no lien seems to have been retained on the real estate, or any interest therein, and no such lien was sought to be foreclosed. The petition contains appropriate allegations in regard to the failure of defendants to pay certain installments and the acceleration of maturities, showing a balance due of $933 at the institution of suit, being the aggregate of principal, interest, and attorney fee. Plaintiffs alleged further that the hotel, and the properties upon which they had a mortgage lien, were being mismanaged, injured, and destroyed by inattention and abuse on the part of defendants, and that defendants would continue to abuse and injure the properties if permitted to retain possession; that defendants failed to apply as payments on plaintiffs' note the rents and revenues derived from the operation of the hotel and properties, but appropriated same to their own use and benefit; that to close the hotel and cease operations would greatly injure the properties and decrease the value of plaintiffs' security; and, as defendants are insolvent, that plaintiffs will suffer irreparable loss and injury, by reason of the facts alleged, if defendants are permitted to retain possession; therefore, "it is necessary that a receiver be appointed to take charge of said hotel, together with the furniture, furnishings and equipment connected therewith and continue the operation thereof under the orders of this court"; praying judgment for the debt and foreclosure of the mortgage lien upon the properties, and further that, pending final judgment, a receiver be appointed to take charge of the hotel properties (furniture, furnishings, equipment, etc.) with full authority to conduct the hotel and receive the revenues derived therefrom; and that defendants be enjoined from in any manner interfering with the receiver's pos-

session or management of said hotel properties.

On December 7, 1936, the court made an ex parte order appointing A. M. Noren receiver with authority to manage, operate, possess, and dispose of said properties—hotel, furniture, furnishings, and equipment—connected therewith, during the pendency of the suit; and that "the defendants, their agents, servants and employes, are hereby directed and commanded to surrender and deliver possession and control of said property to the said receiver upon his request to do so." The receiver qualified on the same day and took possession of the properties. On December 9, 1936, defendants filed a motion to vacate the receivership, but the motion seems to have been abandoned, as no action was had thereon; however, at the request of defendants, the court fixed the requisite amount of the supersedeas bond at $1,000, which was duly executed and filed; thus defendants perfected their appeal and brought up for revision the action of the court in making the ex parte appointment.

 We pretermit all questions save the alleged error of the court in making the ex parte appointment. As disclosed, the suit was simply an action of debt and foreclosure. At the time the ex parte order was made, defendants were actively operating the hotel, which was situated not many blocks from the courthouse in the city of Dallas; hence without much delay, they could have been notified and given an opportunity to contest the application before an order was made thereon. The only allegations tending to show the existence of an emergency were that defendants had mismanaged the hotel and, by inattention and abuse, were injuring and destroying the properties, and would continue to do so if permitted to remain in possession. These allegations fall short of showing the existence of such an emergency as would authorize the court to interfere without notice to defendants. An emergency justifying such action must be of a nature that threatens material injury or loss, if the appointment should be delayed for the time necessary to permit notice to be served upon defendants, and as such showing was not made, we think the court erred in appointing the receiver.

The doctrine applicable to such a situation was announced by Judge Walthall of the El Paso Court, in Prescott v. McCann (Tex.Civ.App.) 60 S.W.(2d) 548, 550 (writ denied), as follows: "The general rule is that a receiver should not be appointed without notice to the parties adversely interested unless it should be made to appear that the plaintiff in the suit would suffer some material injury by the delay necessary to give notice. Arnold v. Meyer (Tex.Civ.App.) 198 S.W. 602; Alto Cotton Oil & Mfg. Co. v. Berryman (Tex. Civ.App.) 218 S.W. 513." To the same effect, see Star v. Everett (Tex.Civ.App.) 55 S.W.(2d) 164; 36 Tex.Jur. pp. 104-111, §§ 48, 49, and authorities cited.

For reasons stated, the judgment of the court appointing the receiver is set aside, and judgment is here rendered for defendants, vacating the receivership, at the cost of plaintiffs.

Reversed and rendered.