C. R. MORRIS, Appellant,

v.

**NORTH FORT WORTH STATE BANK,**
Appellee.

No. 15798.

Court of Civil Appeals of Texas.

Fort Worth.

March 22, 1957.

Crouch & Pringle and Brantley Pringle, Fort Worth, for appellant.

No brief filed in this Court by appellee but represented in trial court by Freeman & Ward, Fort Worth, for appellee.

RENFRO, Justice.

Plaintiff North Fort Worth State Bank sued C. R. Morris to recover $1,804.11 on a past due note, for foreclosure of a chattel mortgage on a 1955 Ford automobile, and for appointment of a receiver to take possession of said automobile. Appointment of a receiver was sought under the provisions of Art. 2293, subd. 2, V.A.C.S., which provides for appointment of a receiver in an action for foreclosure of a chattel mortgage. The court, without notice to defendant, appointed a receiver to take possession of the automobile.

The defendant has appealed from the receivership order on the ground the plaintiff did not allege any facts or circumstances showing an urgent and immediate necessity requiring appointment of a receiver without notice to the defendant, hence, the court erred in appointing a receiver without notice.

■■ The necessity for appointment of a receiver without notice to the adverse party should be shown by verified allegations of specific facts, as distinguished from conclusions, that affirmatively and clearly show the emergency that warrants an immediate appointment. Amason v. Harrigan, Tex.Civ.App., 288 S.W. 566; C. P. Oil Co. v. Shelton, Tex.Civ.App., 48 S.W.2d 509. It is true our statutes authorize the appointment of a receiver in an action by a mortgagee for foreclosure of his chattel mortgage when it appears that the mortgaged property is in danger of being lost, removed or materially injured, but even so, and especially where it is sought to have a receiver appointed without notice, the rules of equity apply. Arnold v. Meyer, Tex.Civ. App., 198 S.W. 602; Myerscough v. Garrett, Tex.Civ.App., 45 S.W.2d 1003; Zanes v. Lyons, Tex.Civ.App., 36 S.W.2d 544.

■ It is now well settled that the appointment of a receiver without notice to take over one's property which is prima facie his is one of the most drastic actions known to law or equity and it should be exercised with extreme caution and only where great emergency or imperative necessity requires it. Hunt v. State, Tex.Civ. App., 48 S.W.2d 466; 75 C.J.S., Receivers, § 49, sub. b(1), pp. 706–707; Lone Star Building & Loan Ass'n of Houston v. State, Tex.Civ.App., 91 S.W.2d 941; Corsicana Hotel Co. of Texas v. Kell, Tex.Civ.App., 66 S.W.2d 760.

■ A receiver should not be appointed without notice to the parties adversely interested unless it should be made to appear that the plaintiff in the suit would suffer some material injury by the delay necessary to give notice. Prescott v. McCann, Tex. Civ.App., 60 S.W.2d 548; Alto Cotton Oil & Mfg. Co. v. Berryman, Tex.Civ.App., 218 S.W. 513; Star v. Everett, Tex.Civ.App., 55 S.W.2d 164; Underwood v. Clark, Tex. Civ.App., 103 S.W.2d 199; Arnold v. Meyer, supra.

■ There is a complete absence in plaintiff's petition of fact allegations in support of its conclusions that the automobile was in danger of being lost, removed or materially injured. Neither is there any allegation that any material injury would be suffered by plaintiff because of any slight delay notice to defendant would have necessitated. Hence, there was no showing in the petition of an immediate and pressing necessity for appointment of a receiver

**316**

without notice. C. P. Oil Co. v. Shelton, supra; Head v. Roberts, Tex.Civ.App., 291 S.W.2d 483.

Assuming the petition was sufficient to justify the appointment of a receiver after a hearing, yet, in the light of the cited authorities, the allegations in plaintiff's petition were not such as to justify such appointment without notice to the defendant.

The order appealed from is reversed and the appointment of a receiver is vacated.

Reversed and rendered.