NO. 04-14-00363-CV

****

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/14/2015 10:06:28 AM
KEITH E. HOTTLE
Clerk

**IN THE COURT OF APPEALS FOURTH SUPREME JUDICIAL DISTRICT- SAN ANTONIO, TEXAS**

****

**AUGUSTINE NWABUISI, ROSE NWABUISI, RESOURCE HEALTH SERVICES, INC. d/b/a RESOURCE HOME HEALTH SERVICES, INC., and RESOURCE CARE CORPORATION,**

Appellants,

V.

**DANA D. MOHAMMADI,**

Appellee

****

**APPELLEE'S REPLY TO APPELLANTS' RESPONSE TO THE COURT'S MAY 28, 2015 ORDER**

****

**EQUAL JUSTICE CENTER, Philip J. Moss, 8301 Broadway St., Ste. 309, San Antonio, Texas 78209, T: (210) 308-6222 Ext. 102, F: (210) 308-6223**

**ATTORNEY FOR APPELLEE**

**\*\*\*\***

TO THE HONORABLE COURT OF APPEALS: Now comes Appellee, Dana D. Mohammadi, and respectfully submits Appellee's Reply to Appellants' Response to the Court's May 28, 2015 Order.

## ARGUMENT AND AUTHORITIES

Appellants' Response to the Court's May 28, 2015 Order fails to provide any basis as to why Appellants' entire appeal is not moot. Citing no authority and failing to address the pertinent case law of *Farkas* and *Bahar*, Appellants simply contend that the entry of a subsequent order superseding the appealed order is "improper." (Appellants' Response at 5). Likewise, Appellants' Response does not address any of the arguments as to mootness raised in Appellee's Brief and discussed in the Court's May 28, 2015 Order (Appellee's Brief at 12-14).

While failing to distinguish *Farkas* (Appellee's Brief at 16), the posture of which is nearly identical to the case before the Court, Appellants' Response cites to numerous inapposite cases, most of which have no bearing on the mootness issue (Appellants' Response at 6-8). *See Halliburton Co. V. KBR, Inc*. 446 S.W.3d 551 (Houston [1st Dist.] 2014)(finding appeal of motion to compel arbitration not moot even though parties engaged in subsequent arbitration because Court's action could affect the rights of parties in regards to a motion to vacate the arbitration award); *Prescott v. McCann*, 60 S.W.2d 548 (Tex.Civ.—El Paso 1933) (discussing requirement of notice for appointment of a pre-judgment receiver); and *Houston and BV Ry. Co. V. Hughes*, 182 S.W.23 (Galveston 1916)(discussing mootness in the context of appointment of different receivers in separate state court and federal court proceedings).

Finally, Appellee objects to the inaccurate and misleading statement of facts in Appellant's Response, which frequently fails to cite to the record on appeal. Among many misstatements, Appellants' falsely maintain that the Appellants' appealed the subsequent amended and supplemental turnover order (Appellants' Response at 4, paragraph 9), that the receiver collected monies for attorney's fees in excess of the judgment (Appellants' Response at 2, fn. 1), and that the receiver collected funds to which the appellee is not entitled (Appellants' Response at 6-7).

## CONCLUSION AND PRAYER FOR RELIEF

For all of the foregoing reasons, Resource's appeal is moot in its entirety, and in the alternative, the Original Turnover Order should not be disturbed as any alleged deficiencies have been cured in the Amended Turnover Order.

Respectfully Submitted,

EQUAL JUSTICE CENTER
8301 Broadway St., Ste. 309
San Antonio, Texas 78209
T: (210) 308-6222 Ext. 102
F: (210) 308-6223

By: /s/ Philip J. Moss
Philip J. Moss
State Bar No.: 24074764

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the counsel of record for the Appellants and the Court of Appeals on this the 14th day of July, 2015 by electronic service.

/s/ Philip J. Moss
Philip J. Moss