**DELCAMBRE et al. v. MURPHY.**

(No. 10281.)

Court of Civil Appeals of Texas. Dallas. March 31, 1928.

Rehearing Denied April 28, 1928.

**1. Receivers ⚙⟹35(1)—Appointment of receiver of insurance business on ex parte hearing held unwarranted (Rev. St. 1925, art. 2293, § 1).**

Under Rev. St. 1925, art. 2293, § 1, on ex parte hearing for appointment of receiver, petition alleging sale of insurance business for notes, and that purchasers soon afterward made pretended sale of business to another who collected premiums as they became due, and that parties acting together converted collection so made to their own benefit, refusing to pay plaintiff purchase-money notes given for business,

and that no one of defendants had property subject to execution for collection of notes, and that, if allowed to collect and convert premiums of insurance business, notes would become worthless, *held* insufficient as against objection that it did not show plaintiff had clear right to property in question, nor that he was lien creditor, nor allege fraud inducing him to part with property, nor that property was in imminent danger of being lost, removed, or materially injured, nor facts showing that defendants were insolvent and did not show situation requiring immediate appointment of receiver without notice.

**2. Receivers ⚙⟹29(1)—Judge should exercise extreme care in appointing receiver, especially on ex parte hearing (Rev. St. 1925, art. 2293).**

In exercising power under Rev. St. 1925, art. 2293, to appoint receiver, trial judge should exercise extreme care, especially on ex parte hearing.

**3. Receivers ⚙⟹35(1)—Only where receiver is necessary for immediate protection of clear and certain rights should receiver be appointed on ex parte hearing (Rev. St. 1925, art. 2293).**

Under Rev. St. 1925, art. 2293, only where rights of complaining party seeking appointment of receiver are clear and certain from allegations constituting cause of action in support of which receivership is sought, and it is imperative that receiver should be at once appointed to protect such rights, may court appoint receiver on ex parte hearing.

**4. Appeal and error ⚙⟹71(4)—Failure to file answer where no opportunity was given held not to prevent appeal from order on ex parte hearing appointing receiver (Rev. St. 1925, art. 2250).**

Under Rev. St. 1925, art. 2250, providing for immediate appeal from order appointing receiver, fact that appellants from order on ex parte hearing appointing receiver did not file answer does not prevent their questioning such appointment on appeal, in view of fact that they had no opportunity to file answer, since first notice which they received was that of order appointing receiver.

**5. Appeal and error ⚙⟹257, 373(1), 397—To appeal from order appointing receiver made on notice and full hearing, order need only be excepted to notice of appeal given in open court, and bond filed (Rev. St. 1925, art. 2250).**

Under Rev. St. 1925, art. 2250, where notice of application for appointment of receiver has been duly given and appointment made on full hearing, to appeal, it is only necessary for order of appointment to be excepted to, notice of appeal given in open court, and bond filed as required by law.

**6. Appeal and error ⚙⟹373(1), 396—Parties appearing within reasonable time after notice of order appointing receiver on ex parte hearing, excepting giving notice of appeal, and filing bond, held to properly perfect appeal (Rev. St. 1925, art. 2250).**

Where receiver was appointed on ex parte hearing, and adverse parties within reasonable

time after notice of entry of order through demand of receiver for possession of property appeared in court, excepted to orders entered, gave notice of appeal, and filed bond as required by law, appeal was properly perfected under Rev. St. 1925, art. 2250.

**7. Receivers &#9758;200—Cost of managing business for which receiver was improperly appointed should be borne by party having re-receiver appointed.**

Where receiver of business was improperly appointed on insufficient petition on ex parte hearing, costs of management of business as well as costs of appeal from order appointing receiver, which was reversed, should be borne by party seeking appointment of receiver.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Action by M. Murphy against A. L. Delcambre and others. From an order appointing a receiver, defendants appeal. Reversed, and judgment rendered for defendants.

Henry P. Edwards and J. D. Kugle, both of Dallas, for appellants.

W. H. Clark, of Dallas, for appellee.

VAUGHAN, J. Appellee, M. Murphy, on the 17th day of February, 1928, presented to the presiding judge of the 101st district court his petition for the appointment of a receiver in this cause, the allegations of which petition were in effect as hereinafter stated.

On the 17th day of February, 1928, without notice to appellants A. L. Delcambre, M. L. Moore, J. R. Dunn, and R. A. Bradford, and on ex parte hearing of said petition in open court, one R. E. Thompson was appointed receiver, with authority " * * * to take possession of all of the office furniture, fixtures and other properties and appliances, and of all of the books and accounts, insurance papers, policies and all other choses in action of and belonging to the insurance business known as M. Murphy & Co. of Dallas, Tex., and to hold the same subject to the orders of this court, and he is further authorized and ordered to collect all premiums due said M. Murphy & Co. growing out of the business thereof, whether they are on the books payable to M. Murphy & Co. or to the defendants or either of them, and to hold such funds subject to the further orders of this court; and the defendants and each of them are hereby ordered and directed to immediately turn over the same to said receiver."

On the 23d day of February, 1928, appellants appeared and in open court excepted to the appointment of the receiver and gave notice of appeal to this court, and present the following propositions assailing the legality of the order appealed from : That the court erred in appointing a receiver ex parte without notice to appellants because the petition of appellee, upon which said appointment was made, was entirely insufficient, in that it did not show (a) that appellee had a clear right to the property sought to be placed in receivership, but, on the contrary, showed that appellee had theretofore parted with the right to said property in that, on or about the 15th day of December, 1926, he had sold and transferred to appellants all of said property; (b) it did not show that appellee was a lien creditor of the appellants, having a lien on any of the property so sought to be placed under receivership; (c) did not allege that appellee, by fraud perpetrated upon him by appellants, had been induced to part with said property formerly owned by him and alleged to have been sold by him to appellants; (d) did not allege that said property was in any imminent danger of being lost, removed, or materially injured; (e) did not show that any situation existed in regard to said property that required the immediate appointment of a receiver without notice to appellants; (f) did not sufficiently allege facts showing that appellants were insolvent.

[1] The right to the appointment of a receiver, under the allegations made and relied upon, must fall within one of the following cases: By a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or interested in any property or fund, where it is made to appear from the application that the right of the plaintiff, or any party whose right to or interest in the property or fund or the proceeds thereof, is probable, and, further, that the property or fund was in danger of being lost, removed, or materially injured during the pendency of the suit. Section 1, art. 2293, R. C. S. 1925. Surely it cannot be contended that under any other ground authorizing the appointment of a receiver contained in said article 2293, especially the fourth section thereof providing that a receiver may be appointed "in all other cases where receivers have heretofore been appointed by the usages of the court of equity," that the petition as presented contained the semblance of a right to invoke the power of a court of competent jurisdiction in this state to appoint a receiver on the ground that the allegations contained were such as had been acted upon as being sufficient by a court of equity for the appointment of a receiver. The allegations of the petition did not in any respect show that appellee's suit was an action by him as a vendor to vacate the transaction in which he alleged that the property involved was sold to appellants Delcambre, Moore, and Dunn on account, that said sale and purchase was induced by and accomplished through fraud perpetrated by either one of said appellants, or that the suit was by appellee, as a creditor of appellants, to

subject any property or fund owned by said appellants, or either one of them, to his claim by virtue of any character of lien or right that could be given the force and effect of a lien whereby said property so sold would be subject to his claim,. or that same was a cause of action between himself and appellants jointly owning or interested in the property·sought to be placed in the hands of a receiver. The allegations of said petition were barren of even the slightest intimation that appellee's suit was an action by him as a mortgagee for the foreclosure of a mortgage in his favor on the property involved. The utter want of grounds for the appointment of a receiver may best be demonstrated by a careful analysis of the effect of the allegations contained in the petition. Under the most liberal and comprehensive meaning, we gather therefrom the following, viz.: (a) That on the 15th day of November, 1926, appellee then owned and had owned for many years in the city of Dallas a valuable insurance business, including fire insurance, surety, and indemnity bonds, etc.; (b) that on the 15th day of November, 1926, appellee, on account of·failing health, desired to sell, and did sell, said insurance business to appellants in consideration of sixty promissory notes in the sum of $250 each, dated November 15, 1926, executed by appellants and payable to appellee monthly after the date thereof; (c) that soon after said purchase appellants Delcambre, Moore, and Dunn made a pretended sale of said insurance business to appellant Bradford, who has ever since that time been conducting said business and collecting the premiums of and belonging thereto as fast as they became due; (d) that appellants, acting together, had converted the collections so made by them in the conduct of said business to their own use and benefit, and had failed and refused to pay appellee the purchase-money notes given therefor or any part thereof; (e) the no one of the appellants have any property subject to execution for the collection of said notes, and that, if allowed to collect and convert the premiums of said insurance business, said notes would become worthless.

[2, 3] Accorded the most favorable interpretation and cogent construction, said allegations fail to state a single condition or situation that must exist in order to authorize the appointment of a receiver to summarily take charge of the property even of one whose possession may only be indicia of ownership. Of all the extraordinary remedies authorized by law, the appointment of a receiver is the most drastic and far-reaching in its effect. In a large majority of the cases in which a receiver is appointed, the merits of the controversy have not been adjudicated. Nevertheless the adverse party is called upon to surrender, not only the possession of the property involved to another, but to yield to a stranger to his property rights the right

to control, manage, and direct the business affairs with which such property may be associated. No harsher ancillary proceeding could be devised; therefore trial judges, with whom the law has clothed this extraordinary power, should, with extreme care, caution, and thoughtful investigation, judiciously exercised, arrived at a conclusion on an application for the appointment of a receiver, to the end that the harshness of the remedy may be ameliorated. Especially should this be the case when the appointment is sought without notice to the opposing interest and on ex parte hearing of such application. It is only where the rights of the complaining party seeking this extraordinary relief are probable (that is, clear and certain from the allegations constituting the cause of action in support of which the receivership is sought, and that, for the immediate protection of such rights, it is imperative that a receiver should ·at once be appointed), that a court is justified in appointing a receiver on ex parte hearing. The above grounds and conditions should affirmatively and clearly appear from the petition for such relief, as no facts, other than those alleged in the petition, could be properly established, or, if proven, relied upon as grounds for granting the receivership, as such outside facts, so established, would be but alien to the cause of action as alleged and the grounds relied upon for the appointment of a receiver.

[4-6] Appellee contends that appellants are not in position to question, through their appeal, the order appointing the receiver because they had failed to file an answer in the court below. The opportunity to file an answer was not accorded to appellants—the first notice received by them was that of the order appealed from appointing a receiver—therefore, what service could the filing of an answer have been to appellants after the hearing of the petition was had and the receiver appointed? The law takes care of this by providing for an immediate appeal from the order appointing a receiver to the Courts of Civil Appeals. Article 2250, R. C. S. 1925. In·order to perfect an appeal, in a case where notice of the application for the appointment of a receiver has been duly given and the appointment made on full hearing accorded the litigants, it is only necessary for the order to be excepted to, notice of appeal given in open court, and bond filed as required by law. These requirements of the law (except filing of bond) could not be complied with at the time receiver was appointed, for the order was entered without notice to or the appearance of appellants at the hearing. However, within a reasonable time after notice of the entry of the order was conveyed to appellants, through the demand of the receiver for possession of the property he was directed to take charge of, appellants appeared in open court, excepted to the order as entered, gave notice of appeal to this court, and filed bond

as required by law. Thus appellants' appeal was properly perfected.

We are of the opinion that all of the propositions assailing the appointment of the receiver should be and are sustained. The judgment of the court below is therefore reversed, and its order appointing R. E. Thompson receiver be, and the same is hereby, vacated and set aside, and he is directed to return to appellants the property received by him as such receiver, and all proceeds arising from the conduct of said insurance business by him as such receiver.

[7] It is further ordered that the costs incurred in the appointment of said receiver and the control and management of said insurance business be, and the same is hereby, as well as the costs of this court, adjudged against appellee.

Reversed and rendered.