## C. P. OIL CO. v. SHELTON.

### No. 11203.

Court of Civil Appeals of Texas. Dallas.

March 26, 1932.

T. R. (Dan) Boone, of Wichita Falls, for appellant.

Leake, Henry & Young, of Dallas, for appellee.

JONES, C. J.

Appellee, J. H. Shelton, a resident of Dallas county, Tex., filed this suit in a district court of Dallas county against appellant, the C. P. Oil Company, a corporation, with its domicile in Wichita county, Tex., to recover damages against appellant for the breach of a lease contract, and for the immediate appointment of a receiver to take charge of the oil properties owned and operated by appellant.

On the petition being presented to the judge of the court, it was ordered filed, and a receiver named, charged with the duties of immediately taking possession of all of appellant's properties, which were alleged to be located in Rusk county, Tex., and to carry out the alleged lease contract. At the same time a temporary writ of injunction was issued restraining appellants, its officers and agents, from in any way interfering with the receiver's control and operation of the property. Appellant had no notice of such order of the court at the time it was entered, but, as soon as it discovered that the order had been entered, gave notice of appeal and caused the transcript to be filed in this court within the statutory time to give this court authority to review the order. The receiver at once qualified and is now in charge of appellant's properties.

The petition for the appointment of the receiver is thus verified: "I, J. H. Shelton, being the person named in the above and foregoing petition, upon my oath say that I have read same and that the statements of allegations therein contained are true to the best of my knowledge and belief." Subscribed and sworn to before a notary public.

There is no other verification of the petition. The order appointing the receiver contains the following: "On this the 12th day of December, A. D. 1931, came on to be heard and considered by the court the application of J. H. Shelton for the appointment of a receiver over the properties of the defendant, C. P. Oil Company, and the court having read and considered the verified bill of complaint, with attached exhibits in support thereof, and hearing the statements of plaintiff in open court, is of the opinion that the same present a proper case authorizing the appointment of a receiver and granting the relief shown in this order."

It thus appears that the petition and the unsworn statement of appellee were all that the court acted on in appointing the receiver and in granting the injunction in aid of the receivership.

Appellant's contention is (a) That the appointment of an ex parte receiver cannot be made on a petition verified only on the best knowledge and belief of the applicant, and (b) that, as the petition does not show an immediate and pressing necessity for the appointment of a receiver, without notice to appellant, it was an abuse of discretion in the trial court to appoint the receiver in the instant case. We are of the opinion that both of these contentions must be sustained.

To warrant the appointment of a receiver, without notice, cause therefor must be shown by plain and unambiguous allegations in the petition, and such petition must be verified by some one who has knowledge of the facts alleged, and state on his oath that those facts are true; it is not a sufficient verification to state on oath that they are believed to be true. In the instant case, the petition contained allegations with reference to damages that could only be sworn to on the belief of the petitioner, but the affidavit made to this petition does not state what allegations are true within the knowledge of affiant, nor what allegations are believed to be true, but leaves every allegation subject to the qualification that it is believed to be true. In appointing a receiver, without notice, the allegations of fact contained in the petition is the evidence on which the court acts, and, when such petition is verified in such a manner as to destroy its admissibility as evidence, the court must be considered as having acted in making such an appointment without evidence. This question was fully discussed by this court in the case of Zanes v. Lyons (Tex.

Civ. App.) 36 S.W.(2d) 544. To the same effect is 53 C. J. § 55, p. 61.

However, if the petition in the instant case had been properly verified, we do not think there are any facts alleged in the petition that would warrant the drastic action of entering an order of appointment of a receiver without notice to appellant. No more drastic action is known, either to law or equity, than that of a court's condemning a man, unheard, dispossessing him of property prima facie his, and hand over its entire control to another on an ex parte claim. 23 R. C. L. p. 38, § 37; 53 C. J. p. 59, § 54; Delcambre v. Murphy (Tex. Civ. App.) 5 S.W.(2d) 789; Myerscough v. Garrett (Tex. Civ. App.) 45 S.W.(2d) 1003; Security Land Co. v. South Texas Development Co. (Tex. Civ. App.) 142 S. W. 1191; Hodges Drilling Co. v. Tyler (Tex. Civ. App.) 233 S. W. 548; Haywood v. Scarborough, 41 Tex. Civ. App. 443, 92 S. W. 815; Baptist Missionary, etc., Convention v. Knox (Tex Civ. App.) 23 S.W.(2d) 781; Sunshine Cons. Oil Co. v. Prechel (Tex. Civ. App.) 268 S. W. 1051; Texas Mexican R. Co. v. State (Tex. Civ. App.) 174 S. W. 298; Williams v. Watt (Tex. Civ. App.) 171 S. W. 266; Butts v. Davis (Tex. Civ. App.) 146 S. W. 1015. 23 R. C. L., supra, says: "It (a court) should, therefore, exercise extreme caution in the appointment of receivers on ex parte applications, and be careful that a proper case is presented before it acts; and it should not be done without notice to the party whose property is to be affected, except in cases of the greatest emergency demanding the immediate interference of the court." 53 Corpus Juris, supra, says: "A receiver may be properly appointed without notice, and before giving the adverse party an opportunity to be heard, in, and only in, an extreme and exceptional case, in which there is a great emergency and an imperious and most stringent necessity for an immediate appointment, as where the adverse party is out of the jurisdiction of the court or cannot be found and served with notice, or, for some other reason, it is absolutely and imperatively necessary for the court to interfere, before the lapse of the time required to give notice and afford a hearing, in order to prevent loss, waste, destruction, irreparable injury, or the defeat of the petitioner's rights, or the giving of notice would jeopardize the delivery, safety, custody, or control of the property over which the receivership is to be extended, and the rights of the complaining party may be amply and sufficiently protected in no other way, or by no other remedy, such as a temporary injunction or restraining order." The quotations from these two authorities announce the rule in this state applicable to the appointment of a receiver without notice, as is shown by the authorities above cited.

The allegations in the petition do not come within any known rule authorizing a

court to appoint a receiver of property in this state, without notice; on the contrary, the petition shows that the appellant is a domestic corporation with its principal offices in Wichita Falls, and that the property of whose management it is deprived by this order is located in Rusk county. It therefore appears that appellant, or an agent, authorized by our statute to be served with such notice, could have been served within a day or two, and there is a complete absence of any showing that material injury would have been suffered by appellee because of such delay. Hence, there is no showing in the petition of an immediate and pressing necessity for such an appointment. We do not hold that the allegations in the petition may not be sufficient to authorize the appointment of a receiver upon a proper hearing after service of notice on appellant.

It therefore follows that the appointment of the receiver ex parte, without notice to appellant, was not authorized and was an abuse of discretion by the trial court; it is the duty of this court, therefore, to reverse and render this case in favor of appellant, discharging the receiver and dissolving the injunction, and it is so ordered.

Reversed, and receiver discharged.