## LYONS et al. v. CONWAY et al.
## No. 4161.

Court of Civil Appeals of Texas. Amarillo. Sept. 6, 1933.

Rehearing Denied Oct. 4, 1933.

L. M. Fischer and Morgan, Culton, Morgan & Britain, all of Amarillo, for appellants.

Jno. T. Bottom, of Denver, Colo., K. H. Dally, of Borger, and Lackey & Lackey, of Stinnett, for appellees.

318

JACKSON, Justice.

On the application of A. J. Conway et al., the judge of the district court of Hutchinson county, on July 4, 1933, on an ex parte hearing in chambers, appointed John Hash receiver for certain oil and gas properties situated in said county, a description of which property is in the application.

The plaintiffs pleaded that, at the time of filing their petition on July 4, 1933, the property was owned by and in possession of the Texorado Oil & Gas Company of Texas, a corporation, and the Texorado Oil & Gas Company of Colorado, a corporation, and that numerous other defendants, including Minnie J. Lyons and F. C. Henderson, Inc., who are appellants herein, were claiming and believed to have some interest in the property.

They set out the history of the title, reciting certain litigation had relative thereto; that such litigation had been finally settled; that invalid executions had been issued on some of the judgments had, but no sales had been made by virtue thereof; that other executions had been issued and levied on the property, which had been advertised for sale on July 4, 1933, of which plaintiffs had not received valid notice. They alleged generally the claims of some of the defendants, the connection of F. C. Henderson, Incorporated, with the property, and that all the defendants claimed and were believed to have an interest in the property, and that a producing gas well had been drilled thereon.

On July 20th thereafter Minnie J. Lyons and F. C. Henderson, Inc., perfected their appeal by filing an appeal bond, and on July 22d they filed in this court a transcript of the proceedings on which the receiver was appointed.

The prayer of the petition is as follows:

"1. That the Court appoint a receiver to take charge of the lease and all the property thereto pertaining, with such instructions as to the Court seems proper.

"2. That this appointment be made at once, for the reason the sheriff has advertised two sales of the property on tomorrow, July 4, 1933, at some time between the hours of 10:00 o'clock in the morning and 4:00 o'clock in the afternoon.

"3. That while the plaintiffs have made no suggestion, there are those who believe the Hancock, Post and Marshall matters should be particularly investigated.

"And may plaintiffs and all others similarly situated, as stockholders of said two companies, if that may be proper, have all other proper equitable relief, together with their costs in this behalf expended."

█ The petition was verified by John T. Bottom, one of the plaintiffs, who states that he has read the petition, knows the contents thereof, and that the same is true "to the best of his knowledge and belief."

It is conceded that under the authorities the affidavit is fatally defective. Zanes et al. v. Lyons et al. (Tex. Civ. App.) 36 S.W. (2d) 544; C. P. Oil Co. v. Shelton (Tex. Civ. App.) 48 S.W.(2d) 509, 510.

█ The appellees in their petition failed to present any issue for adjudication between themselves and all or any of the defendants. They seek no relief against the defendants, jointly or severally, but the purpose of the suit, as revealed by the record, was to secure the appointment of a receiver. They allege no such extraordinary, exceptional, or extreme emergency as would authorize the court to appoint a receiver on an ex parte hearing. Solomon et al. v. Mathews et al. (Tex. Civ. App.) 238 S. W. 307.

In C. P. Oil Co. v. Shelton, supra, it is said: "No more drastic action is known, either to law or equity, than that of a court's condemning a man, unheard, dispossessing him of property prima facie his, and hand over its entire control to another on an ex parte claim. * * * 'It (a court) should, therefore, exercise extreme caution in the appointment of receivers on ex parte applications, and be careful that a proper case is presented before it acts; and it should not be done without notice to the party whose property is to be affected, except in cases of the greatest emergency demanding the immediate interference of the court.' "

█ On July 13, 1933, R. S. Marshall, one of the defendants named in the original application, with permission of the trial court, filed a pleading in which he states that his petition is filed "by way of asking confirmation of the appointment of John Hash as receiver herein and for no other purpose," prays that citation be issued to all the parties and upon a trial said receivership be in all things confirmed and that he have judgment for title and possession of the property upon the discharge of the receiver and for adjudication of the claims set out in his petition according to the priorities thereof.

On August 15, 1933, R. S. Marshall moved this court to consider as a part of the record on this appeal the judgment of the trial court entered on July 26, 1933, confirming the order theretofore made by the trial court appointing John Hash as receiver.

Appellees contend that such order, although made after the original order was entered, and subsequent to the filing of the appeal bond and the transcript in this court, validates the original order and requires an affirmance of the judgment.

If we should consider such order, it would be of no avail to appellees because, in the prayer to the petition filed by R. S. Marshall, he invoked the jurisdiction of the court to enter the confirmation order after citation

had been issued and served on the parties and a trial of the case had, and the order of confirmation entered July 26th was made ex parte and in chambers. The prayer did not authorize the court to enter the order without notice and trial.

Neither does this record reveal a state of facts authorizing the court on his own motion to appoint the receiver.

The judgment is reversed, the cause remanded, and the receivership vacated.