**CITY NAT. BANK et al. v. PIGG et al.**

**No. 4150.**

Court of Civil Appeals of Texas. Amarillo.

Sept. 6, 1933.

R. H. Templeton and Cocke & Cocke, all of Wellington, for appellants.

Williams & Bell, of Childress, for appellees.

MARTIN, Justice.

On and prior to the 1st.day of July, 1933, the Farmers' Co-operative Society No. 1 was a private corporation, duly incorporated under the laws of the state of Texas, and had built and was operating a cotton gin at Wellington, Tex., "for the purposes of ginning and marketing the cotton grown by its member-stockholders." On said last-mentioned date its capital stock was $10,000, divided into two hundred shares of the par value of $50 each, of which amount M. C. Pigg and eleven others, appellees herein, owned one share each. On said date appellees presented their petition to the district court of Collingsworth county asking for the appointment of a receiver for said corporation and for a temporary injunction restraining the sale of certain property of said corporation. The City National Bank in Wellington, Tex., the Cicero-Smith Lumber Company, both private corporations, and all the directors of said ginning corporation were named as defendants. On the date said petition was presented, the said district court, without notice to any of the defendants and on the allegations alone of said petition, appointed a receiver for said ginning corporation and ordered the issuance of a temporary injunction restraining the sale of the property of the said ginning corporation by the above-named two defendant corporations. From this order the two last-named defendants have appealed. The directors of said corporation have not joined in the appeal.

We have concluded that the petition failed to state facts showing the existence of such an exceptional emergency as would justify a court of equity in appointing ex parte a receiver with power to immediately dispossess another of his property and take full charge of same.

Omitting the formal and nonessential matters, appellees' said petition, in substance, contains the following allegations of fact: That during the cotton ginning season of 1928–29, the directors aforesaid engaged "in a wild scheme of speculation in buying and selling cotton," incurring a loss thereby of approximately $26,000; that such mismanagement has placed said corporation in imminent danger of insolvency, if, in fact, such losses have not caused it to be actually insolvent; that pursuant to their policy of gross mismanagement, said board of direc-

tors procured a loan from defendant bank and with a view to the personal and individual profit of the members of said board of directors, made, executed, and delivered to themselves individually deeds of trust to secure the payment to themselves of the remainder of said loss, said deeds of trust covering the property of said corporation; that said bank itself took up $13,000 of said indebtedness as aforesaid, and the remainder was evidenced by the notes of the individual members of said board of directors to said bank; that of the present indebtedness against said corporation, the bank holds the sum of $9,000 and $4,000 is held by the defendant Cicero-Smith Lumber Company. Other creditors are listed with the amount owing to each, and the total amount of such debts is alleged to be the sum of $32,000, all of which is secured by liens upon the property of said corporation. That prior to the beginning of the cotton season of the year 1932, the named creditors entered into an agreement of proration whereby it was understood that each of them would share ratably in the profits accruing to said corporation from its operation during the cotton season of 1932–33; that the said directors, acting in collusion with the said bank, violated said agreement and understanding and appropriated the profits from the ginning of cotton to the discharge of the indebtedness owing them and which caused the other creditors to become dissatisfied and some of them to institute foreclosure proceedings, and that others will do so unless a receiver is appointed. That the corporate defendants named above have advertised for sale under trust deeds some of the property belonging to the said corporation and sales will be made on the 4th day of July, 1933, unless they are enjoined. Appellees' prayer was for a temporary injunction against the two corporate defendants and their respective trustees and for the appointment of a receiver with authority to manage the affairs of said corporation, and that upon final hearing that said receiver be given and granted full power to negotiate with the creditors of said corporation and to pay off and discharge the respective indebtedness held by the creditors aforesaid.

This is, in brief, the substance of what we deem the essential portions of appellees' petition.

It will be noted that the only matter that presented a pressing necessity for immediate action was the sale of the property. If we grant that a court of equity has the power to appoint a receiver under the facts of this case, it would undoubtedly have, as an incident of such power, the right to protect the property by the issuance of a temporary restraining order pending a hearing on the receivership. So far as we are aware, the rule is universal that it is an abuse of judicial discretion in cases of this character to appoint a receiver without notice upon an ex parte hearing, where a restraining order would adequately protect the property until due notice is given and the application for receiver heard and determined.

We quote: "A receiver may be properly appointed without notice and before giving the adverse party an opportunity to be heard in, and only in, an extreme and exceptional case in which there is a great emergency and an imperious and most stringent necessity for immediate appointment * * * and the rights of the complaining party may be amply and sufficiently protected in no other way * * * such as a temporary injunction or restraining order." 53 C. J. pp. 59, 60. See, also, Amason v. Harrigan (Tex. Civ. App.) 288 S. W. 566; Hodges Drilling Co. v. Tyler (Tex. Civ. App.) 233 S. W. 548; Claunch v. Claunch (Tex. Civ. App.) 203 S. W. 930; Security Land Co. v. South Texas Development Co. (Tex. Civ. App.) 142 S. W. 1191; 23 R. C. L., page 28.

Upon the hypothesis that the court in this case could legally appoint a receiver, it seems clear that the issuance of a restraining order against an immediate sale of the corporate property pending a hearing would have afforded full and ample protection to the appellees.

We deem it inadvisable to enter into a discussion of any phase of this case other than the one above. A full hearing may develop a state of facts justifying the appointment of a receiver. A detailed discussion by us might prejudice the rights of one or the other of the parties to this appeal or unduly interfere with the discretion which the law has lodged with the trial court.

The judgment is reversed and the cause remanded, the receivership vacated, and the said injunction dissolved.