## MOLLY OIL CO. v. GREEN et al.
### No. 11813.

Court of Civil Appeals of Texas. Dallas.
May 19, 1934.

Wynne & Wynne, of Longview, and W. A. Wade, of Dallas, for appellant.

H. B. Thomas, of Dallas, for appellees.

BOND, Justice.

This is an appeal from an interlocutory order, appointing a receiver of certain oil properties located in Gregg county, which are alleged to be owned in common by appellant and appellees.

On the filing of the petition, the court, on an ex parte hearing, without notice, entered an order divesting appellant of the properties, its management and control, and appointed a receiver to take charge of and sub-ject the properties to administration by the 101st district court of Dallas county.

We have repeatedly pronounced, with citation of authorities, that the appointment of a receiver ex parte without notice by a trial court is an abuse of discretion when the petition fails to disclose an urgent and immediate necessity therefor, and that a restraining order is not available for the protection of an impending danger. C. P. Oil Co. v. Shelton (Tex. Civ. App.) 48 S.W.(2d) 509; Corsicana Hotel Co. v. Kell (Tex. Civ. App.) 66 S.W.(2d) 760; Bankers' L. & L. Ass'n v. Cremona (Tex. Civ. App.) 66 S.W.(2d) 762.

The courts recognize that a receiver may be properly appointed without notice and before giving the adverse party an opportunity to be

heard in, and only in, extreme and exceptional cases, and we have held that the drastic action in condemning a man, divesting him of his property, and placing it in the hands of another, without the privilege of being heard, is contrary to our idea of administering justice. It is a wise and salutary rule to require notice and to accord a hearing before the execution of a judgment divesting one of his property, unless the exigencies therefor are clearly shown and the impending danger cannot be averted by some other ancillary proceedings.

■■ The petition in this case, we think, alleges a cause of action entitling appellee S. E. Green, who filed the petition, to the appointment of a receiver, after notice and hearing, as against a general demurrer, and we must assume by the sheer force of the petition that the averments are true. He alleges ownership in himself of only a small fractional part of a seven-eighths leasehold interest in lands located in Gregg county, on which appellant drilled and is operating two producing oil wells, and which ostensibly appellees seek to have partitioned; and, as grounds for the appointment of a receiver, the petitioner alleges that a receiver is necessary to be appointed to prevent waste in the oil production. He further alleges that the Molly Oil Company has failed to pay the state franchise tax, and on account thereof its corporate charter was, on July 2, 1933, forfeited by the secretary of state; thus it has ceased to function as a corporation, and its affairs are now being administered by its directing officers, Baggett, Barcus, and Phillips.

He further alleges, quoting: "* * * That defendants Baggett, Barcus and Phillips, their agents, servants and employes, have constructed and maintained what is known in law as a bypass, which causes the oil to pass direct from the well around and by the lease tanks and directly into other tanks or pipe-lines located on other property to which the plaintiff has no title and to which he has no right of access; that the said defendants who are now operating said lease would have the opportunity to remove all traces of this by-pass, provided notice is given them of the application for a receiver to the properties; that in addition to the bypass the defendants have numerous connections through which they flow the oil from the properties above described, and that if notice is given to said defendants operating the properties, they will have the opportunity to remove all traces of how they have transported oil from said properties and to whom they have transported said oil so that plaintiff can in no way determine the exact extent and nature of the fraudulent operations and fraudulent marketing of oil from said properties; that in addition to this fact, the said defendants operating said properties will have the opportunity to destroy any and all records of the various sales and transfers of oil in which plaintiff has an interest, so that he will have an utter loss of all evidence of the injuries and damages that he has suffered through the illegal and fraudulent operation of said properties; that in addition to the foregoing reasons why notice would work the plaintiff irreparable injury, the plaintiff should further show to the court that from the time of the filing of this suit and the giving of notice, to the time when the application can be heard by the court, the defendants will transport, as they have in the past, vast quantities of oil from the above described properties without accounting to plaintiff for said oil, and that the said oil so run from the time of the filing of this application to the time of the hearing will be oil that cannot be replaced by any known means in the wells from which said oil has been taken; that all the oil wells have a limited number of barrels that they can produce from the sands to which they have been drilled, and that irreparable loss results when any amount of oil has been taken, to the extent that the same is never replaced, and the plaintiff alleges that not only will the said defendants who are now operating said properties have the opportunity to do these things, but they will in fact do the things above alleged that plaintiff has stated they will have the opportunity to do; that in addition, the said defendants operating said properties will endeavor to produce and transport the oil from said properties in greater volume, even to the extent of injuring the producing sands; that in producing the oil not only as they have been in the past, but as they will do in the future, the said defendants operating said properties produce and flow said wells, through the casing and in through the tubing, and this manner of operating them produces what is known as coming, and draws in salt water, and the damage thus caused is irreparable and reduces not only the amount of ultimate recovery of oil, but also draws in salt water and requires all future oil to be subjected to being run through a treating plant, which is a great additional expense to the cost of operation."

We think the allegations of irreparable injury, as disclosed, are, in effect, merely expressions of the petitioner's fear, dread, or anticipation that the appellant will place beyond his reach evidence that will show or tend to show conversion of oil and which is material to his suit for an accounting, to hold the properties in statu quo, and to avert dissipation of oil by illegal means. These grievances evidently can be stayed and abated by the interposition of a temporary injunction, or injunctive relief would likely make the complainant secure and avert the alleged impending loss, until at least notice to the adverse party could be given and a hearing could be had on the merits of his claim.

A receivership is, in our opinion, too harsh, severe, drastic, and costly to deprive a person of his property without notice on such anticipations, conjectures, and conclusions, when the status of the matter complained of could more providently be preserved. In our opinion, the appointment of a receiver otherwise than as stated, undermines the fundamental principle of constitutional guaranty in the security of one's property, and should never be appointed except in dire necessity. "No harsher ancillary proceeding could be devised." Delcambre v. Murphy (Tex. Civ. App.) 5 S.W.(2d) 789, 791. We conclude that the facts alleged do not warrant such drastic action.

■ Appellees contend that, as the Molly Oil Company is not in existence, it stands in the catalogue of adjudicated cases, holding that, where the defendant is unknown, out of the state, or beyond the reach of process, notice is unnecessary before the appointment of a receiver. We do not agree to this contention.

Article 1387 et seq., R. S., grant to a corporation, whose charter is forfeited, as in this instance, a continuance of its existence for a period of three years to enable its managing officers to settle up its affairs. The officers in charge are trustees for the creditors and stockholders of the corporation, and as such stand in the place of the corporation. The trustees in this case are shown in the petition to reside at Gladewater, Gregg county, Tex., and no reason is disclosed as to why they could not have been notified before the appointment of the receiver, thus granting to them the right to be heard before condemning them on the alleged charges of malfeasance. We think they should have been accorded the notice and hearing.

■ Appellees further contend that the trial court did accord appellant an opportunity to be heard after the appointment of the receiver, and, not having availed himself of the right thus granted its trustees, are in no position to complain of the lack of notice before the appointment. We cannot agree with this contention.

The record shows that on March 30, 1934, the court entered the order appointing the receiver and, in obedience thereto, the receiver immediately qualified and took charge of the properties involved in the suit, and on April 10, 1934, the trial court, without suggestion or petition from any one, made a further order, directing all parties to the suit to appear on April 13, 1934, to show cause why the receivership should not be continued. In the meantime, on April 12, 1934, appellant filed an appeal bond, perfecting the appeal to this court from the interlocutory order theretofore made.

The statute (article 2250, R. S.) provides that appeal from an interlocutory order appointing a receiver is cognizable in a Court of Civil Appeals; thus, when an appeal bond is filed, the appeal is perfected, and the appellate court has potential jurisdiction of the subject-matter of the suit; and what may have transpired afterwards in connection with the appointment, can have no effect on the rights of the appellant to have the action of the trial court reviewed by an appellate court. There is no provision in our statute requiring one aggrieved by an appointing order to submit himself to the demand of the trial court to appear before it and show cause why the receivership should not be continued.

Appellant's appeal is presented to this court on the interlocutory order of appointment; thus his rights are predicated on the petition and the appointing order, and not on any future contingency of the trial court or the action of such court in reviewing its own order. The purpose of an appeal in such cases is to have determined, by an appellate court, the question as to whether the receivership shall continue or be vacated, and it is not the prerogative of the trial court to pass upon the question. Therefore, if the petition on which the trial court acted is insufficient or the order appointing the receiver ex parte, without notice, was improvidently made, then the subsequent action of the trial court, in giving notice and reviewing its action, is of no avail to avoid the consequences arising from such prior proceedings or prejudice appellant's rights on appeal.

So, for the reasons assigned, we conclude that the appointment of the receiver, without notice, was unauthorized and an abuse of

discretion; therefore the judgment of the court below is reversed and here rendered, vacating the receivership.

Reversed and rendered.