## PATTON v. GUY et al.

### No. 5322.

Court of Civil Appeals of Texas. Texarkana.

June 29, 1937.

Rehearing Denied Sept. 16, 1937.

J. K. Brim and W. T. Stell, both of Sulphur Springs, for appellant.

Turner, Rodgers & Winn and Grover Sellers, all of Dallas, for appellees.

WILLIAMS, Justice.

This is an appeal from an interlocutory order on an ex parte hearing which divested W. W. Jones and Roger Waller, executors of the estate of Susan B. Pierce, deceased, of the management, control, and possession of certain real and personal properties in Hopkins county, Tex., and appointed a receiver to take possession, operate, and manage same subject to the future orders of the court.

This being a direct appeal from said order by Clark Patton, one of the defendants named in the petition, and the application for receiver being duly verified, we are confined solely to the facts therein alleged in passing upon the validity of this order appointing a receiver.

Appellees' pleadings disclose that Mrs. Guy, joined by her husband, sues in trespass to try title to recover one-half the real and personal property of the community estate of J. K. Pierce and wife, Susan B. Pierce. It is alleged that J. K. Pierce died first and intestate, and that Susan B. Pierce died leaving a will in which she undertakes to dispose of all the property belonging to the estate of J. K. Pierce and herself; that said will named said Jones and Waller as coexecutors without bond and directed that no other proceeding be had in the probate court in the administration of her estate than to prove up the will and the filing of inventory and appraisal of the property. Appellee Mrs. Guy alleges that she is the sole heir of J. K. Pierce and is entitled to one-half of said community estate. Appellees describe twenty-four tracts of land

valued at \$200,000 as belonging to this community estate, together with personal property not itemized nor valued, except that the personal property was of a large amount.

Appellees alleged that the two executors, Jones and Waller, were also beneficiaries under the terms of said will and were to receive a large portion of said estate; they alleged that these executors had or they were about to take possession of said property with a view to distributing same among the various beneficiaries named in the will; that some of these beneficiaries lived outside of Texas; that a great number of them were wholly insolvent. They further alleged that the said Jones was a banker and Roger Waller was a cotton broker; that each was wholly inexperienced in renting and controlling farm lands and cattle; that the estate consisted of a number of small farms which had been cultivated by tenants in the past and were being cultivated by them at the present time; that said estate included a large amount of city property such as rent and department houses, etc., which were to be rented and the revenues collected monthly therefrom; and in order to pay revenue these properties must be rented in the future by a competent and skilled manager of farm and city lands.

■ Appellees sued said Jones and Waller, each individually and as independent executors of the estate of Susan B. Pierce, and alleged that Jones resided in Hopkins county, Tex., and Waller resided in Tarrant county, Tex. Appellees alleged that they were the legal representatives of this estate, to wit, independent executors, and had or were about to take possession of the property described in their pleading. The lands involved in this action could have been held in status quo by the filing of a lis pendens notice, or the distribution of all or any part of the real and personal property could have been prevented by the issuance of a restraining order or temporary injunction against these executors, and hence, from the view we take, it is immaterial if it had required several weeks to serve with notice the various fifty beneficiaries and defendants named in the petition and scattered over Texas and in other states.

The allegations that these executors are wholly inexperienced in renting and managing lands and cattle are insufficient to warrant the appointment of a receiver ex parte.

■ The rule of law applicable here in passing upon the facts alleged to justify the appointment of a receiver ex parte is well stated in 53 Cor.Jur. 59, § 54, as follows: "A receiver may be properly appointed without notice and before giving the adverse party an opportunity to be heard, in and only in, an extreme and exceptional case, in which there is a great emergency and an imperious and most stringent necessity for an immediate appointment, as where the adverse party is out of the jurisdiction of the court, or cannot be found and served with notice, or, for some other reason, it is absolutely and imperatively necessary for the court to interfere, before the lapse of time required to give notice and afford a hearing, in order to prevent loss, waste, destruction, irreparable injury, or the defeat of the petitioner's rights, or the giving of notice would jeopardize the delivery, safety, custody or control of the property over which the receivership is to be extended, and the rights of the complaining party may be amply and sufficiently protected in no other way, or by no other remedy, such as a temporary injunction or restraining order."

The foregoing rule has been approved by our Texas courts in Ames v. Ames (Tex. Civ.App.) 64 S.W.(2d) 1067; Amason v. Harrigan (Tex.Civ.App.) 288 S.W. 566, 570; Myerscough v. Garrett (Tex.Civ. App.) 45 S.W.(2d) 1003; Zanes v. Lyons (Tex.Civ.App.) 36 S.W.(2d) 544; C. P. Oil Co. v. Shelton (Tex.Civ.App.) 48 S. W.(2d) 509; Star v. Everett (Tex.Civ. App.) 55 S.W.(2d) 164; Massad v. Wilson (Tex.Civ.App.) 83 S.W.(2d) 806; Turnbow v. Bishop (Tex.Civ.App.) 71 S.W.(2d) 918; Molly Oil Co. v. Green (Tex.Civ. App.) 72 S.W.(2d) 358; article 2319, R. S.1925; Delcambre v. Murphy (Tex.Civ. App.) 5 S.W.(2d) 789.

We conclude that the appointment of a receiver, ex parte, was unauthorized, and therefore the judgment of the court below is reversed and here rendered, vacating the receivership.