**JOHNSON v. WILLIAMS et ux.**

No. 12562.

Court of Civil Appeals of Texas. Dallas.

Aug. 16, 1937.

O. H. Woodrow, of Sherman, for appellant.

Finley & Wolfe, of Sherman, for appellees.

BOND, Justice.

This is an appeal from an ex parte interlocutory order, appointing a receiver and granting a mandatory injunction in a suit to dissolve an alleged partnership, and for an accounting.

The order was made before the filing of plaintiffs' petition, without notice to the defendant, empowering the receiver "to collect and dispose of all partnership assets, and after payment of all the just debts of said partnership and of the costs of expenses of this action and for said receivership, to divide the proceeds thereof among the parties hereto, according to their respective rights"; and commanding the defendant "forthwith to surrender to such receiver upon his demand of records of accounts due and owing said partnership, the stock book, ledgers and cash belonging thereto, and all other books and records of every description belonging to said partnership, or used in the operation thereof to be kept in the custody of such receiver subject to the orders of this court." In other words, the order condemns the defendant, divesting him of property and placing it in the hands of another, with full power to sell and divide the proceeds without the privilege of a hearing.

The courts recognize that a receiver may be properly appointed without notice and before giving the adverse party an opportunity to be heard in, and only in, extreme and exceptional cases; but we know of no authority, and have been referred to none, which authorizes a trial judge, without notice, to determine the rights of parties to a suit and direct the execution of a judgment divesting one of his property. It is unreasonable to conclude that the judge, in chambers, could appoint a receiver, take charge of, control, manage, dispose of, and distribute property over which the ownership is in controversy; and command the one in possession to deliver such property unto a receiver to be administered by the court without the party being given an opportunity to be heard without showing some exigency for such action. It is a wise and salutary rule to require notice and accord a hearing before the execution of a judgment divesting

one of property, unless the exigencies therefor are clearly shown.

■ In Molly Oil Co. v. Green et al., 72 S.W.(2d) 358, this court held, citing authorities, that "the appointment of a receiver ex parte without notice by a trial court is an abuse of discretion when the petition fails to disclose an urgent and immediate necessity therefor, and that a restraining order is not available for the protection of an impending danger." See, also, Corsicana Hotel Co. of Texas v. Kell (Tex.Civ.App.) 66 S.W.(2d) 760; Zanes et al. v. Lyons et al. (Tex.Civ.App.) 36 S.W.(2d) 544.

■ The petition in this case does not disclose that plaintiffs in the suit would likely have suffered any loss or injury by notifying the defendant and according a hearing before the appointment of the receiver and granting the mandatory injunction. The petition shows the defendant resides and conducts the alleged partnership business in the city of Sherman, Tex., in the same city where the suit was filed and the order of the court was made, and he could have readily been served with notice. The receivership and the powers granted are, in our opinion, too harsh, severe, and drastic to deprive the defendant of his property, without notice. The vice in such order is that it finally determines, without a trial, that the plaintiffs in the suit own an interest in the property, deprives the defendant of the possession, and distributes the estate without notice to him. Such action undermines the fundamental principle of constitutional protection in the security of one's property. The right to a day in court and the privilege of being heard before judgment is a constitutional guaranty, the very essence of due process of law. Receiverships should never be appointed, except in dire necessity. We conclude that the facts alleged do not warrant the action of the court below without notice, and that the ex parte order of appointment and granting the mandatory injunction should be set aside.

■ Appellant's appeal is predicated on the order of appointment of the receiver and mandatory injunction made without notice; thus, by appropriate amended petition showing clearly, which is now vague and uncertain, the jurisdiction of the district court as to the amount involved in the suit, any future subsequent action of the court below, after notice, or citation served on defendant, would not be affected by the decision on this appeal. So, for the reasons stated, the judgment of the court below is reversed and judgment here rendered, vacating the receivership and dissolving the injunction without prejudice to any future action of the court.

Reversed and rendered.