### RAGSDALE v. RAGSDALE et al.

#### No. 5526.

Court of Civil Appeals of Texas. Texarkana.

July 19, 1938.

Rehearing Denied July 21, 1938.

M. M. Guinn, of Rusk, for appellant.

Smithdeal, Shook & Lefkowitz, of Dallas, and Norman, Stone & Norman, of Rusk, for appellees.

JOHNSON, Chief Justice.

This is an appeal from an interlocutory order appointing a receiver ex parte. The question involved is whether the facts alleged in the application therefor authorized the appointment of a receiver in the absence of notice to the adverse parties. The application, including the exhibits attached thereto, alleges that the applicants are the sole heirs of John E. Ragsdale who died in Cherokee County, November 9, 1937; that on September 24, 1937, John E. Ragsdale had executed an instrument conveying to Col. D. Acker in trust for the use and benefit of Charlotte Ragsdale all of his property, consisting of certain described lands located in Cherokee County; ten shares of the capital stock of the First National Bank in Jacksonville, Texas; money on deposit in said bank; U. S. government and other interest-bearing bonds; household goods, an automobile, and other personal effects; all of the probable value of $50,000; that on December 16, 1937, applicants had filed suit in the District Court of Cherokee County against said Charlotte Ragsdale, cause No. 14131, styled, W. B. Ragsdale et al. v. Charlotte Ragsdale, on the docket of said court, seeking cancellation of said conveyance on the alleged ground that said John E. Ragsdale was of unsound mind at the time of its execution, and to recover title and possession of said property; that on December 30, 1937, Giffin Prather, one of the applicants for the receivership and a plaintiff in said cause No. 14131, had filed his application in the Probate Court of Cherokee County to be appointed administrator of the estate of said John E. Ragsdale, deceased; that notice thereof had been issued and posted and that W. B. Ragsdale, a brother of said John E. Ragsdale, had executed and filed a waiver of his right to be appointed such administrator and requesting the court to appoint said Giffin Prather; that Charlotte Ragsdale had filed a contest to the application of Giffin Prather; that upon hearing of said application and contest the county judge had on May 2, 1938, appointed Carlton Odom permanent Administrator of the Estate of John E. Ragsdale; that Giffin Prather and Charlotte Ragsdale had each perfected their separate appeals from said order of the county court, and which appeals are now pending in the District Court of Cherokee County.

The application for receiver further alleges:

"That notwithstanding the said void appointment of Carlton Odom as permanent administrator and notwithstanding the fact that the order appointing him has been vacated by the appeal of all parties, the said Carlton Odom is attempting to take charge of the property described in plaintiffs' original petition herein, being Exhibit A, attached hereto, to which reference is made for a full description of all such property; that the said defendant, Carlton Odom, has attempted to qualify as administrator under said void and vacated appointment and has attempted to take the oath as administrator and has filed a purported bond as administrator and has demanded of the persons in whose possession such property of John E. Ragsdale, deceased, has been held since the death of the said John E. Ragsdale, the delivery of such property to him; that the said Carlton Odom is not entitled to qualify as administrator and is not entitled to the property or any of same, but only a receiver appointed by this honorable Court would be entitled thereto; that unless the said Carlton Odom is restrained from taking charge of such property, he will take possession of same and will attempt to administer such property and estate under a void and vacated order and without proper supervision of the court having jurisdiction of same, the County Court having no further jurisdiction thereof, and this being the only court with jurisdiction of such property, the subject matter of the litigation between the parties, and of the parties themselves, and a receiver should be appointed and this court should grant its restraining order or writ of injunction commanding the said Carlton Odom to desist from attempting to qualify as administrator or from taking possession or attempting to take possession of such property or any of same.

"That the defendant Charlotte Ragsdale has also attempted to take charge of the property involved and has already taken

possession of the household goods belonging to John E. Ragsdale at the time of his death, and of an automobile belonging to John E. Ragsdale at the time of his death, and has sold or attempted to sell such property or a part thereof, and unless she is prevented from so doing by a restraining order or writ of injunction, she will continue to attempt to deal with such property, to which, by virtue of all the facts and of the two cases pending before this court, she has no right or title, and she will unless prevented attempt to interfere with the possession of the receiver prayed for herein, and she, together with the said Carlton Odom, should be restrained from in any way dealing with or attempting to deal with said property or any of same, and from interfering with or attempting to interfere with the possession and custody of such property in the receiver appointed by this court as prayed for herein."

The application concludes with prayer for appointment of receiver and for a temporary restraining order restraining Charlotte Ragsdale and Carlton Odom, their agents, attorneys, employees, and all other persons, from in any manner interfering with the receiver or his possession of the property, except to turn same over to the receiver.

The application was filed and granted May 19, 1938, without notice or hearing to the adverse parties, or either of them, notwithstanding the application expressly alleged that they each resided in Cherokee County, where service of process could be had upon them. It further appears in the record that notice of the appointment and qualification of the receiver, and the restraining order was served upon said adverse parties by the sheriff of Cherokee County within one hour from the time same was delivered to him for service.

■ "A receiver may be properly appointed without notice and before giving the adverse party an opportunity to be heard, in and only in, an extreme and exceptional case, in which there is a great emergency and an imperious and most stringent necessity for an immediate appointment, as where the adverse party is out of the jurisdiction of the court, or cannot be found and served with notice, or, for some other reason, it is absolutely and imperatively necessary for the court to interfere, before the lapse of time required to give notice and afford a hearing, in order to prevent loss, waste, destruction,

irreparable injury, or the defeat of the petitioner's rights, or the giving of notice would jeopardize the delivery, safety, custody or control of the property over which the receivership is to be extended, and the rights of the complaining party may be amply and sufficiently protected in no other way, or by no other remedy, such as a temporary injunction or restraining order." Patton v. Guy, Tex.Civ.App., 108 S.W.2d 868, 869, and authorities there cited. Many other authorities could be cited showing that courts of this state follow the above quoted rule.

■ The application for the receivership fails to allege any facts coming within the rule authorizing the appointment of a receiver in advance of notice and an opportunity to be heard by the adverse parties. Therefore, the judgment of the trial court will be reversed and judgment here rendered vacating the receivership.