CROCKETT v. DIFFIE et al.

No. 5736.

Court of Civil Appeals of Texas. Texarkana.
Feb. 9, 1940.

Rehearing Denied Feb. 29, 1940.

Grisham & Grisham, of Tyler, for appellant.

J. M. Deavenport and John W. Ford, both of Kilgore, and Aubrey A. Wilson, of Gladewater, for appellees.

HALL, Justice.

On April 11, 1938, W. R. Skeen filed suit in the District Court of Gregg County against Yandell Rogers, Rozel Oil Corporation, Mar-Tex Oil Corporation, Eddie Markham, and several other parties not necessary to mention, for title to the oil and gas leasehold estate in and to a tract of land located in Gregg County, known as the Still tract, and being the same ⅞ oil and gas leasehold interest conveyed by Yandell Rogers and Rozel Oil Corporation to Mar-Tex Oil Corporation, for which, as part of the consideration, the Mar-Tex notes were given. These are the same notes involved in a cause styled C. W. Crockett v. Yandell Rogers et al., appeal from Smith County, this day decided. Skeen also sought the appointment of a receiver to take charge of this leasehold.

We deem it unnecessary to state with particularity the allegations contained in the suit of Skeen, for the reason that it is not necessary to a disposition of this case. On September 23, 1938, W. E. Brown, H. A. Diffie, and H. I. Shanks as Trustees for Southwestern Investment Company, intervened, alleging that they owned note No. 9 of the Mar-Tex series; that default in payment thereof had been made, seeking foreclosure of their lien on the Still lease, and also asking appointment of a receiver to take charge of said oil and gas leasehold. No action seems to have been taken by the court below upon these applications until November 26, 1938, at which time S. L. Vernon was appointed receiver. On the same day the receiver made bond and took oath. On July 21, 1939, the receiver made application for permission to pay certain claims which had theretofore been adjudicated and classified by the District Court of Smith County in, the case of Crockett v. Yandell Rogers, referred to above. This application was granted. On August 7, 1939, the court below made the restraining order, granted at the time the receiver was appointed, a temporary injunction against C. W. Crockett, R. N. Grisham and J. S. Grisham. On August 14, 1939, upon motion of R. N. Grisham, the court vacated said receivership and dissolved the temporary injunction. On the same day, August 14th, Diffie, Brown, and Shanks, Trustees of Southwestern Investment Company, filed their third amended petition in intervention, in which they again sought appointment of a receiver to take charge of this oil and gas leasehold, and as a basis for the appointment of said receiver, they made the following allegation: " * * * In-tervenors would further represent and show to the court that the oil wells hereinabove mentioned are pumping wells; that on account of their location in said East Texas field, they are in need of careful and competent attention; that if and in the event the defendant, Ed Markham will ill-treat, waste and destroy said property, producing oil therefrom and remove the personal property therefrom and deprive this intervenor of its and their lawful rights in said premises; said intervenor would further represent and show to the court that the property covered by such deed of trust, a copy of which is attached hereto, is deteriorating in value and is in danger of being materially injured, and if left in the possession of the defendant herein, this intervenor and all other parties hereto will be materially injured and suffer

an irreparable loss; that the value of said property is now insufficient to discharge the debts owing to this intervenor and the other parties, plaintiff, defendants, and intervenors herein, and will become more so unless such property is cared for, properly manage and operate during the pendency of this suit. This intervenor would further represent and show to the court by reason of the facts set out herein, that there is a necessity for the appointment of a receiver to take possession of, manage, control, protect, and operate said property, and the preservation of same, during the pendency of this suit in order to properly protect this intervenor and all of the other parties to said suit during the pendency thereof." On the same date, August 14, 1939, the court appointed the same receiver, S. L. Vernon, to take charge of the ⅞ mineral leasehold. In the order appointing said receiver the court found that all the parties interested came in person or by attorney and recited further, "and R. N. Grisham, attorney for C. W. Crockett, being present in the court room at the time said petition was presented, and having cognizance thereof," etc. It is clear to our minds, in view of the undisputed facts in this record, that R. N. Grisham did not appear at said hearing. This is made plain by his statement in the record, made at that time, that he was in attendance in court upon another matter. The record shows that he received no legal notice of the hearing of said application for receiver, nor did his client, C. W. Crockett, have any notice. As stated above, on the same day the application was made for a receiver, S. L. Vernon was appointed receiver to take charge of this property. The fact that Mr. Grisham was in the court room at the time the court granted the application for receivership and appointed the receiver, would not constitute an appearance by him in this case. Especially in view of his statement to the trial court, made at the time, that he was making no appearance. Lindsey v. Ferguson, Tex.Civ.App., 80 S.W.2d 407.

We shall consider this, then, as an application for appointment of a receiver ex parte without notice to either Crockett or Crockett's attorney. When this view is taken of the case we think the pleading which formed the basis of the appointment of the receiver is wholly insufficient. It lacks the very material allegation disclosing facts showing a pressing emergency and the existence of such circumstances as to render an immediate appointment without notice necessary for the protection of the rights of the applicant. This court held in Patton v. Guy, Tex.Civ.App., 108 S.W.2d 868, 869, to which holding we still adhere, that: "The rule of law applicable here in passing upon the facts alleged to justify the appointment of a receiver ex parte is well stated in 53 Cor.Jur. 59, § 54, as follows: 'A receiver may be properly appointed without notice and before giving the adverse party an opportunity to be heard, in and only in, an extreme and exceptional case, in which there is a great emergency and an imperious and most stringent necessity for an immediate appointment, as where the adverse party is out of the jurisdiction of the court, or cannot be found and served with notice, or, for some other reason, it is absolutely and imperatively necessary for the court to interfere, before the lapse of time required to give notice and afford a hearing, in order to prevent loss, waste, destruction, irreparable injury, or the defeat of the petitioner's rights, or the giving of notice would jeopardize the delivery, safety, custody or control of the property over which the receivership is to be extended, and the rights of the complaining party may be amply and sufficiently protected in no other way, or by no other remedy, such as a temporary injunction or restraining order.'" See also Ragsdale v. Ragsdale, Tex.Civ.App., 119 S.W.2d 148.

But granting that the presence of R. N. Grisham, attorney for appellant, in the court room during the hearing, was sufficient to constitute an appearance for appellant, still we think the allegations set out above are insufficient to warrant the appointment of a receiver. An application for receiver brought under Article 2293, Section 2, R.C.S., as was this one, must clearly show by direct allegations "that the mortgaged property is in danger of being lost, removed or materially injured; or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt." Without such positive allegations the pleading will not warrant the appointment of a receiver. Haywood v. Scarborough, 41 Tex.Civ.App. 443, 92 S. W. 815.

We conclude, then, that the appointment of the receiver was unwarranted. The judgment of the court below is reversed and here rendered vacating said receivership.