Ellis L. HEAD, Appellant,

v.

H. W. ROBERTS, Appellee.

No. 15734.

Court of Civil Appeals of Texas.

Fort Worth.

June 1, 1956.

Bullington, Humphrey, Humphrey & Fillmore, and H. W. Fillmore, Wichita Falls, for appellant.

Nelson, Montgomery, Robertson & Sellers, and Allan D. Montgomery, Wichita Falls, for appellee.

BOYD, Justice.

Appellant Ellis L. Head appeals from an ex parte order appointing a receiver on the application of appellee H. W. Roberts.

Appellee filed a petition alleging that in 1945 a partnership agreement was entered into by appellant, one J. A. Stalcup and appellee; that the partnership conducted a

mercantile business; that appellee was a limited or special partner, with no right of control or management of the partnership business; that the partnership was to exist for a period of ten years and had terminated before the suit was filed; that the partnership acquired a building, the first floor of which was used for the store and the second floor was used for rental apartments; that appellant had sold the building and was claiming all proceeds as his own; that appellant was attempting to dispose of other partnership property, including furniture and fixtures, at a loss; that appellee's interest in the money and property was in grave danger of being lost in that appellant was converting the proceeds of any sale to his own use; that unless a receiver was appointed appellee would suffer "irreputable" injury and loss, and that appellee had no adequate remedy at law or in equity. Prayer was that "an immediate receiver be appointed" to take over all of the assets of the partnership and take possession and control, subject to the orders of the court, of all proceeds received by appellant from the sale of the store building, and that if appellant had invested any of such funds in other property, to take over such property and to protect, serve, and save it, and that on a final hearing appellee have judgment for a partnership accounting and for such money judgment that he may show himself entitled to. Upon execution by appellee of a bond for $500, a receiver was appointed without notice and entered into a bond in the sum of $25,000.

The only point for reversal is that under appellee's pleading it was error to appoint a receiver without notice.

Article 2293, R.C.S., provides in part: "Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in the following cases: 1. In an action * * * between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

Appellant says that appellee's petition is void of factual allegations showing this to be such an extreme case as to warrant the ex parte appointment of a receiver, and void of factual allegations showing that the giving of notice would cause irreparable loss, and fails to allege appellant's insolvency, or the inadequacy of other remedies.

When an applicant for the appointment of a receiver relies upon a statutory ground, and not upon the usages of equity, it is not necessary to show that he has no other adequate remedy before he is entitled to the appointment of a receiver. Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 127 A.L.R. 1217; Sumner v. Crawford, 91 Tex. 129, 41 S.W. 994; Hunt v. State, Tex.Civ. App., 48 S.W.2d 466; Temple State Bank v. Mansfield, Tex.Civ.App., 215 S.W. 154. But even though the statute prescribes the ground upon which the appointment of a receiver is requested, equity rules apply to the procedure to be followed in securing such appointment. Myerscough v. Garrett, Tex.Civ.App., 45 S.W.2d 1003; Zanes v. Lyons, Tex.Civ.App., 36 S.W.2d 544; Arnold v. Meyer, Tex.Civ.App., 198 S.W. 602.

Article 2319, R.C.S., is as follows: "Rules of equity shall govern. In all matters relating to the appointment of receivers, and to their powers, duties and liabilities, and to the powers of the court in relation thereto, the rules of equity shall govern whenever the same are not inconsistent with any provision of this chapter and the general laws of the State."

"The right to a day in court and the privilege of being heard before judgment is a constitutional guaranty, the very essence of due process of law." Johnson v. Williams, Tex.Civ.App., 109 S.W.2d 213, 214. See also Myerscough v. Garrett, supra.

Whether a petition is sufficient to authorize the ex parte appointment of a receiver is addressed to the sound discretion of the trial court. Friedman Oil Corp. v. Brown, Tex.Civ.App., 50 S.W.2d 471; Baptist Missionary and Educational Convention of State of Texas v. Knox, Tex. Civ.App., 23 S.W.2d 781. But this discretion is subject to review. 36 Tex.Jur., p. 85, sec. 39; Corsicana Hotel Co. of Texas v. Kell, Tex.Civ.App., 66 S.W.2d 760; City Nat. Bank v. Pigg, Tex.Civ.App., 63 S.W.2d 327; Amason v. Harrigan, Tex. Civ.App., 288 S.W. 566.

The appointment without notice of a receiver to take charge of the property and business of another is one of the most drastic remedies known to the courts, and should be exercised only in extreme cases where the right therefor is clearly shown, and then in the exercise of great caution. Delcambre v. Murphy, Tex.Civ. App., 5 S.W.2d 789; Wilkenfeld v. State, Tex.Civ.App., 189 S.W.2d 80; Zanes v. Lyons, supra; C. P. Oil Co. v. Shelton, Tex.Civ.App., 48 S.W.2d 509. The petition must allege facts showing that it is an extreme and exceptional case and that there is a great emergency and such an imperious and most stringent necessity for haste that the applicant would likely suffer material injury by the delay necessary to give notice. Prescott v. McCann, Tex.Civ. App., 60 S.W.2d 548; Arnold v. Meyer, supra; Alto Cotton Oil & Mfg. Co. v. Berryman, Tex.Civ.App., 218 S.W. 513; Underwood v. Clark, Tex.Civ.App., 103 S.W.2d 199.

Tested by these rules, we are of the opinion that the petition falls short of alleging the urgent necessity for haste which is essential to give the court power to employ this drastic remedy of making the appointment without notice. Assuming that a ground for a receiver is sufficiently alleged, nowhere does appellee allege that any considerable time would elapse or any further material loss would occur by taking time to serve notice upon appellant. The business was conducted and the property was situated in Wichita Falls, where the suit was filed. Appellant resides in Wichita Falls. It is not shown that he could not have been served with notice in a matter of a few minutes. It is not shown that a less drastic remedy could not have been invoked and the status quo maintained until a hearing after notice. Keep 'Em Eating Co. v. Hulings, Tex.Civ.App., 165 S.W.2d 211; City Nat. Bank v. Pigg, supra; Solomon v. Mathews, Tex.Civ.App., 238 S.W. 307; Security Land Co. v. South Texas Development Co., Tex.Civ.App., 142 S.W. 1191; Marion v. Marion, Tex.Civ.App., 205 S.W.2d 426; 36 Tex.Jur., p. 108, sec. 48; Ragsdale v. Ragsdale, Tex.Civ.App., 119 S.W.2d 148; Patton v. Guy, Tex.Civ. App., 108 S.W.2d 868; Molly Oil Co. v. Green, Tex.Civ.App., 72 S.W.2d 358; 75 C.J.S., Receivers, § 49, sub. b, p. 706.

The judgment is reversed and the receivership vacated.